## J. H. Telford v. H. W. Albro et al.

1.  SALES—*By Sample—Right to Return.*—The right to return goods sold by sample, as not being equal to the sample, is a right to return all or none.

2.  ESTOPPEL—*To Claim Non-acceptance of Goods Sold by Sample.*— A merchant purchased goods by sample, and sold some of them to his customers. His store being afterward destroyed by fire, he included the goods in his proofs of loss for insurance upon his stock, and he can not claim that he has not accepted them, on the ground that they were not equal to the sample.

**Assumpsit,** for goods sold, etc. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed October 31, 1895.

DWIGHT D. ROOT, attorney for appellant.

PADEN & GRIDLEY, and GROVE E. WALTER, attorneys for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant ordered, by sample, goods from the appellees, who sent them to the amount of $261.65.

The appellant claimed on the trial, and had before claimed to the traveler through whom he ordered the goods, that they were not equal to the sample; in fact of very poor quality. To the traveler he said that he wanted to send them back. The traveler proposed to make some arrangement with the appellant, by writing to the appellees, but the same night the goods were burned by a fire that consumed the store. Before objecting to the quality of the goods the appellant had sold a few of them, and they, at least in part, had been returned to him.

The goods were neck-wear, and therefore the quality was open to the observation of whoever, being a competent judge, should handle them. The appellant included them

in his proof of loss for insurance upon his stock.    Under such circumstances the appellant can not claim now that he had not made the goods his own.

Presumably he was a competent judge of their quality, and when he sold some of them, he thereby accepted them; for the right to return the goods, as not being equal to sample, is a right to return all or none.    Harsfeld v. Converse, 105 Ill. 534; citing Wolf v. Dietzsch, 75 Ill. 205. But he had not lost his right to damages, or to diminish the amount of recovery against him, by showing the less value of the goods than the price charged.    Underwood v. Wolf, 131 Ill. 425.    He offered no evidence of that difference, and therefore there was nothing before the court upon which he could have any allowance, or diminution of the price.    Evans v. Murphy Varnish Co., 59 Ill. App. 87. Doubtless the goods had some commercial value.

The instruction to find for the plaintiff was right and the judgment is affirmed.