## Rothschild Bros. v. E. B. Wise.

1. SALES—*By Sample—Contracts Entire and Divisible.*—Where there is a purchase of different articles, at different prices, at the same time, the contract will be several as to each article, unless the taking of the whole is rendered essential, either by the nature of the subject-matter or by the act of the parties.

2. SAME—*Where the Contract is Not Entire.*—Where many different articles are bought at the same time for different prices, even if they are articles of the same general description, so a warranty that they are all of a particular quality would apply to each, the contract is not entire, but is in effect a separate contract for each article sold.

3. CONTRACTS—*Where a Contract is Several.*—If the part of a contract of sale to be performed by the vendor, is the furnishing of several distinct and separate articles, and the price to be paid by the other is apportioned to each article, or is left to be implied by law, such a contract will generally be held to be several.

4. SAME—*Partial Failure of the Consideration.*—When a consideration is divisible and the price can be apportioned, if a distinct divisible portion of the consideration fails, the price paid for such portion can be recovered back; in cases where the consideration is divisible, the purchaser may elect to take what can be delivered to him, and, if the purchase money has been paid, he can recover back the excess, or if there has been no payment he can defend *pro tanto*.

Assumpsit, for goods sold. Trial in the County Court of Bond County; the HON. JOSEPH STORY, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiffs. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

C. E. COOK, attorney for appellants.

The sale of a specific number of packages of an article at a given price per package, is an entire contract. Such a purchase can not be rescinded as to some packages and not rescinded as to others. Am. & Eng. Ency. of Law, Vol. 3, p. 918 and 919.

Contracts must be enforced with all their terms and conditions. A party can not repudiate terms unfavorable to him and claim benefit of residue. King v. Mason, 42 Ill. 223; Kellogg & Co. v. Turpie, 93 Ill. 265.

The right to return goods sold by sample, as not being equal to the sample, is a right to return all or none. Telford v. Albro et al., 60 Ill. App. 359; Harzfeld et al. v. Converse, 105 Ill. 535; Wolf et al. v. Dietzsch, 75 Ill. 205.

A custom, to avail as such, must be ancient, certain, uniform, reasonable, and so general as to afford a presumption that the parties contracted with reference to it. Dixon v. Dunham, 14 Ill. 324; Turner v. Dawson et al., 50 Ill. 85; Leggat v. Sands' Ale Brewing Co., 60 Ill. 158; Papin et al. v. Goodrich et al., 103 Ill. 86; Sweet v. Leach, 6 Ill. App. 212; Decatur Nat'l Bank v. Murphy, 9 Ill. App. 112.

WM. H. DAWDY, attorney for appellee.

In a sale by sample there is an implied warranty—more properly a condition precedent—that the goods, when delivered, shall correspond to the sample by which the sale is made in kind, character and quality. Hanson v. Busse, 45 Ill. 496; Everingham v. Lord, 19 Ill. App. 565; Hubbard v. George, 49 Ill. 275.

It is an implied condition, in sales by sample, that the buyer shall have a fair opportunity of comparing the bulk with the sample. Am. & Eng. Ency., Vol. 10, page 162, Note 2; Doane et al. v. Dunham, 65 Ill. 512.

And upon refusal to accept, in such case, the burden of proving that the article corresponded to the sample is upon the vendor. Am. & Eng. Ency., Vol. 10, page 169, Note 2; Merriman v. Chapman, 32 Conn. 146; Wolf et al. v. Dietzsch, 75 Ill. 205.

Delivery of goods by seller, when sold by sample, will not be a delivery so as to pass title, when the goods do not correspond with the sample.    Am. & Eng. Ency., Vol. 10, page 169, Note 2.

In sales of goods, when the part to be performed by one party consists of several distinct and independent items, and the price to be paid by the other is apportioned to each item, the contract is severable.    Am. & Eng. Ency. Law, Vol. 3, page 925; Bank of Antigo v. Union Trust Co., 50 Ill. App. 434; Mechanics' Natl. Bank of Peoria v. Fraser, 86 Ill. 133; Keeler v. Clifford, 165 Ill. 544; Siegel v. Eaton & Prince Co., 165 Ill. 550.

On entering into a commercial contract, it is presumed that the parties made it in view of the custom or usage of the trade.    Lonergan v. Stewart, 55 Ill. 44; Gilbert & Co. v. McGinnis et al., 114 Ill. 31; Pennsylvania Co. v. Stoelke, 104 Ill. 201.

**Statement of the Case.**—Appellee, through his son, purchased a bill of goods from appellants, wholesale dealers in St. Louis, on the 22d of January, 1896, amounting to $140.30. They were received by appellee on the 25th of January, at his store in Greenville, in this State.    A part of the goods, amounting to $41.58, were immediately returned, as not corresponding with samples.    The remainder of the bill, $91.90, was paid, and this suit is to recover $41.58, the price of the goods returned.

E. E. Wise, a young man twenty-four years of age, a son of appellee, and a clerk in his father's store, bought the goods in question, which consisted of hats of different kinds, referred to in the bill as "lots," selecting them by samples shown him in the store of appellant.    The manner of selection was as follows:    Albert Rothschild, one of the plaintiffs, acting as salesman, showed to Wise, samples, one sample representing a certain "lot" of hats.    From these samples Wise bought, specifying the number to be taken from each "lot," which number with the number of the "lot," and the price, Rothschild entered on a memorandum.    After

the purchase was completed, the memorandum was given to the stock clerk who took from the different "lots" the number specified in the memorandum and placed them in a stall, where they were packed and shipped to the purchaser. Neither Wise nor Rothschild had anything more to do with the hats after making the memorandum. From the record it appears that there were forty-one different "lots" selected from, and the hats sent from thirteen "lots" were returned, as not corresponding to the samples shown of these "lots."

Mr. Justice Worthington delivered the opinion of the court.

It will be seen from this statement that Rothschild, the salesman, and Wise, the acting purchaser, are the only two persons who know of their own knowledge, what hats were bought. Rothschild testifies that the hats shipped were of the same kind and quality as the samples shown. Wise, the purchaser, testifies that the hats sent out of thirteen "lots" were not. That the hats from these thirteen "lots" were of the vintage of 1895, while he bought hats for the market of 1896.

The jury believed Wise, and found for appellee. We see no reason for interfering with their finding upon this issue.

Appellant insists that the court erred in holding that appellee could receive a part of the goods sold that were according to sample, and could return those that were not. In other words, appellant insists that the contract of purchase was an entire contract, and not divisible, and that appellee had to take all the hats or none. This is not the law as we understand it, in a case like this.

If the hats purchased had been all of one "lot," the contention of appellant would be correct. In such case the purchaser, if he desired to rescind the contract, would have to return the entire "lot." This is decided by Harzfield v. Converse, 105 Ill. 536, and Wolf v. Dietzsch, 75 Ill. 207 cited by appellant.

In Telford v. Albro, 60 Ill. App. 359, a part of the neck

Rothschild Bros. v. Wise.

wear had been sold, and the remainder was burned up with the store.    The question presented in the case at bar did not come up in the cases above referred to.

In Story on Contracts, Vol. 1, Sec. 24, it is said :

"In this diversity of cases, it is difficult to state any rule. But on the whole the weight of opinion and the more reasonable rule would seem to be, that where there is a purchase of different articles, at different prices, at the same time, the contract would be several as to each article, unless the taking of the whole was rendered essential, either by the nature of the subject-matter or by the act of the parties."

Many authorities might be cited in support of this proposition.    We cite only the following :

"An agreement is divisible when it embraces several undertakings each supported by a distinct consideration." McDaniels v. Whitney, 38 Iowa, 64.

"When many different articles are bought at the same time for different prices, even if they are articles of the same general description, so that a warranty that they are all of a particular quality would apply to each, the contract is not entire, but it is in effect a separate contract for each article sold."    Young & Co. v. Wakefield, 121 Mass. 91.

In Bank of Antigo v. Union Trust Co., 149 Ill. 348, the court say :

"The rule laid down by Parsons, Vol. 2, p. 257, is, ' If the part to be performed by one party consists of several distinct and separate items, and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law, such a contract will generally be held to be several.'"

And Wharton says, Sec. 748, Laws of Contracts :

"When a consideration is divisible and the price can be apportioned, then if a distinct divisible portion of the consideration fails, the price paid for such portion can be recovered back," and that "in cases  *  *  *  in which the consideration is divisible, the purchaser may elect to take what can be delivered to him, and in such case, if the purchase money has been paid, he can recover back the excess, or if there has been no payment he can defend *pro tanto*."

This case also cites Young & Co. v. Wakefield, cited *supra*.

In the case at bar the hats from each "lot" had a separate price, and were put down on the memorandum as of that "lot" with the price annexed. The hats in each "lot" were in effect separate sales. There is nothing to indicate that the price of the hats in any one "lot," was in any way influenced by the price of hats in any other "lot," or that their sale depended upon the sale of hats from other "lots."

The bargain and sale lacked the elements of an entire contract and could be affirmed in part and rescinded in part.

The introduction of certain bills by appellee to prove a custom of wholesale dealers in St. Louis to take back goods when not satisfactory was objected to by appellant.

It was error to admit these bills for that purpose, but in view of all the testimony in the case we do not think it reversible error.

Judgment affirmed.