## Waukesha Canning Company v. Henry Horner & Company.

### Gen. No. 13,608.

1. CONTRACTS—*what not legal rescission.* Part of a shipment of merchandise cannot be accepted and the balance rejected, nor is a legal rescission effected by the acceptance and use of a part of such shipment, followed by a purchase upon the market of like merchandise, as that used, and a return thereof, together with the unused balance of the shipment sought to be rejected.

2. BURDEN OF PROOF—*where merchandise is claimed as under contract grade.* Where there is evidence tending to show the sale and delivery of merchandise and its acceptance by the vendee, the burden of showing that such merchandise was not such as was called for by the contract rests upon such vendee.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Reversed and remanded. Opinion filed January 28, 1908. Rehearing denied February 11, 1908.

RITSHER, MONTGOMERY, HART & ABBOTT, for appellant.

WHITMAN & HORNER, for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Material facts out of which the controversy in this case arises are that in January, 1904, the appellant contracted to sell appellees 1,000 cases of canned corn to be shipped when packed for the season's delivery. In September following 750 cases of this corn, constituting a single carload, were shipped to appellees. At this time the price of corn such as contracted for had fallen about ten cents a dozen below the contract price of seventy-five cents a dozen. Upon receipt of the corn so shipped it was examined, it is said, by one of appellees, and thereupon appellant's agent was notified not to ship the remaining 250 cases called for by the contract, appellees claiming that the shipment received by them was not up to grade. Appellant insisted the corn was according to contract. There is evidence, however, tending to show that appellees offered to accept and retain the corn which they had received if allowed a deduction of $87.50 from the invoice price. No agreement having been reached, appellant brought suit and upon that trial a verdict was returned in favor of appellees. While the cause was still pending on a motion for a new trial appellant offered to take back the entire shipment of 750 cases in controversy, dismiss the suit and end the litigation. This offer was accepted and appellant gave an order on appellees for delivery of the corn to teamsters employed for the purpose by appellant.

Meanwhile appellees claim to have discovered that they had sold and delivered to customers of theirs ninety-one cases of the corn shipped them and could not, therefore, return the whole original shipment of 750 cases. Thereupon appellees went out into the market and discovered that they could purchase ninety-one

cases of the same brand of corn from a wholesale grocery firm in Chicago. This they did, and without notice to appellant caused the ninety-one cases so purchased to be loaded on appellant's wagons, together with the remainder which they had on hand, of the original shipment made to them by appellant. The latter's agent, having discovered that ninety-one of the cases so loaded upon his wagons was not a part of the original shipment, refused to take back the goods. Appellees claim that thereupon they offered to accept the return to them of the ninety-one cases; but they refused to allow the teamsters to put the rest of the corn back into their warehouse. Appellant thereupon caused the whole quantity of corn to be stored subject to the order of appellees. The warehouse receipt for the ninety-one cases not a part of the original shipment was delivered to and accepted by appellees. The warehouse receipt for the rest of the corn was likewise tendered appellees, who refused it.

At the trial evidence was introduced on both sides as to the condition of the original shipment; that in behalf of appellant tending to show that the corn shipped was strictly in accordance with the contract, and that in behalf of appellees tending to show that it was not strictly full standard corn. In the view we take, however, it is unnecessary to consider that evidence. At the conclusion of the evidence appellant moved the court to instruct the jury to return a verdict in its favor, upon the ground that the undisputed evidence showed that a part of the goods in controversy had been sold by appellees after receipt of the whole shipment, and that the acceptance and sale of a part constituted in law an acceptance of the whole. The court refused so to instruct, and appellant insists that such refusal was error which requires a reversal of the judgment in appellees' favor.

It is contended in behalf of appellant that the acceptance and sale by appellees of a portion of a shipment of goods amounts to an accceptance of the whole

shipment. There is no question, and appellees concede that they accepted and converted to their own use in some way ninety-one cases out of the original 750 cases. Notwithstanding such acceptance and conversion of a large part of the goods they had contracted for, they now claim the right to reject the balance upon the alleged ground that the goods were not up to grade. We do not so understand the law applicable. It is well-established law that a party cannot affirm a contract in part and rescind it as to the residue. If he rescinds at all he must rescind as to the whole. Unless the property is entirely worthless—and there is no such claim in this case—the party seeking to rescind must put the other party in as good condition as he was in before the sale, by making return of the property purchased; and he must do this within a reasonable time and before exercising acts of ownership over the property, as was done in the case at bar by selling a part of the goods in controversy. If he so disposes of them before objecting to the goods on the ground that they are different in quality from the goods he purchased—the claim that appellees make in this case—he cannot afterward repudiate the contract, as appellees seek to do, and wholly defeat the vendor's claim for the price. Wolf v. Dietzsch, 75 Ill. 210; Harzfeld v. Converse, 105 Ill. 534-539; Rothschild v. Wise, 81 Ill. App. 95-98; Telford v. Albro, 60 Ill. App. 359; Lenz v. Blake, 44 Oregon, 569-574. In the latter case the defendant had sold a part of the goods before discovering their defects, and was held to have thereby accepted them. It was said he was entitled only to a counter claim for such damages as naturally resulted from a breach of an alleged warranty. Here appellees make no claim for damages and so far as appears suffered none. See also Babcock v. Hutchinson, 4 Lansing (N. Y.) 276.

It is urged in appellees' behalf, however, that the reason of the doctrine of rescission as above stated is that the vendor must be made whole and placed in the same position he was in before the sale, and that appel-

lant has been made whole by delivery to it of the same number of cases of the same brand of corn. It is new doctrine that appellees, after using ninety-one cases of the corn—selling it to their customers, as they state—can then go into the market and buy ninety-one other cases at a less price, it may be, than the original contract price, surreptitiously replace with such new purchase what they have appropriated, and then tender back the corn so newly purchased as if it were a part of the original shipment, together with the unsold remainder of such shipment, and claim that they have restored the vendor to his original position before the sale. Appellees may have acted "in the highest good faith," as their counsel contend, but if so they failed to manifest a high order of good faith when they attempted to conceal the fact they had converted ninety-one cases of the corn to their own use, by tendering to appellant ninety-one other cases as if they had been a part of the original shipment.

It is asserted by appellees' attorneys that appellant "with full knowledge that ninety-one of the original cases of the corn had been sold and that ninety-one cases had been substituted, accepted the 750 cases of corn delivered to it after the first trial in full settlement of this cause of action." Our attention has not been called to any evidence tending to sustain this statement, and it requires no further consideration. We find no evidence of rescission of the original contract nor of an accord and satisfaction between the parties. Appellees bought the corn, received it, used or disposed of part of it without making any objection to its character or quality, thus making it their own, and no sufficient reason appears for exempting them from the ordinary liability of a purchaser to a vendor.

We are inclined also to agree with appellant that in view of the evidence tending to show the sale and delivery of the corn in controversy, together with its acceptance by appellees, the burden of showing that it was not such corn as the contract called for rests upon

appellees, and that it was error to instruct the jury to the contrary or, at least, in language susceptible of such construction.

For the reasons indicated the judgment of the Superior Court is reversed and the cause remanded.

*Reversed and remanded.*