# T. Buettner & Co., Defendant in Error, v. Moses Samuels, Plaintiff in Error.

# Gen. No. 15,786.

SALES—*what justifies rescission.* If an entire contract be made to purchase and sell a lot of merchandise, a rescission is justified if the delivery made does not conform to the articles purchased.

Error to the Municipal Court of Chicago; the HON. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed with finding of facts. Opinion filed October 4, 1911.

BENJAMIN SAMUELS, for plaintiff in error.

HINER, BUNCH & LATIMER, for defendant in error;
HARRY F. HAMLIN, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion
of the court.

Plaintiff in error prosecutes this writ of error to re-
verse a judgment against him in favor of defendant
in error for $112.35 entered in the Municipal Court
upon a finding by the court.

The certified statement of the evidence discloses
that in July, 1908, plaintiff in error observed in the
place of business of defendant in error a number of
discarded samples of goods heaped upon a table; that
in response to an inquiry by plaintiff in error as to the
price of the entire lot the agent of defendant in error
offered to sell the same for $100, and at the same time
stated to plaintiff in error that all the goods were not
on the table, but there were some in boxes; that plain-
tiff in error said he did not desire to buy the goods in
bulk for a lump price and requested defendant in error
to inventory the same; that thereafter the greater
part of the goods were inventoried in lots according to
kind and price, and plaintiff in error again examined
the same together with the inventory; that the inven-
tory disclosed the number and price of goods in each
lot, save lot 22, as to which the agent of defendant in
error said it would not run in quantity much beyond
the other lots, and further that there were still some
goods in the original boxes, which when finally checked
over might run a few more or less than was stated
in the inventory memorandum; that plaintiff in error
said that would be satisfactory, as he would only be
paying for what he received, and directed the goods
to be sent to him; that the price of the goods contained
in lots 22, 47 and 49 as shipped considerably exceeded
in quantity the quantity indicated in the inventory
memorandum; that plaintiff in error refused to accept

the goods and returned them to defendant in error, who refused to receive the same; that defendant in error would not have sold to plaintiff in error a portion only of the goods invoiced.

The only question presented for our determination is whether under the evidence the contract for the purchase of the goods was entire as to all the goods involved, or whether the transaction constituted separate contracts for the purchase and sale of each of the 52 lots into which the goods were divided. If the transaction be held to constitute an entire contract, as is contended by plaintiff in error, the judgment must be reversed, because of the much more than trifling variation between the quantity of the goods in the inventory memorandum, which was the basis of the purchase and sale, and the quantity of goods actually shipped as per invoice. Tilden v. Rosenthal, 41 Ill. 385; City of Chicago v. Galpin, 183 Ill. 399.

In Morris v. Wibaux, 159 Ill. 627, it was held that the entirety of a contract depends upon the intention of the parties and not upon the divisibility of the subject-matter. It was evidently the intention of the plaintiff in error to purchase all of the goods designated as discarded samples, and the agent of the defendant in error testified that he would not have sold to plaintiff in error a portion only of the goods. The contract of purchase and sale must be held to have been entire.

In Rothchild v. Wise, 81 Ill. App. 95, relied upon by defendant in error, a contract for the purchase and sale of certain "lots" of hats was held to be divisible, but it was there expressly found, that there was nothing to indicate that the price of the hats in any one "lot" was in any way influenced by the price of the hats in any other "lot," or that their sale depended upon the sale of hats from other "lots."

The judgment of the Municipal Court will be reversed with findings of fact, that the contract was

entire and not divisible, and that plaintiff in error was justified in rescinding the contract in whole.

*Judgment reversed with findings of fact.*