Adams *v.* Johnson.

WILLIAM H. ADAMS et al., Appellant, *v.* JAMES D. JOHNSON, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

No particular form of words is necessary to establish a contract of warranty, but it must appear that the party binds himself to make good the quality of the article sold, and that this made a part of the consideration.

THIS cause was heard before J. M. WILSON, Judge,. at February term, 1854, of Cook County Court of Common Pleas.

Verdict and judgment for plaintiff. Defendant appealed. The facts of the case sufficiently appear in the opinion of the court.

H. FRINK and T. HEYNE, for appellants.

J. N. ARNOLD and WAUGHOSS, for appellee.

CATON, J.   The note upon which this suit was brought was given for one of Wood's patent shingle machines, and the assignment of the right to make, use, and vend the machines within certain districts. Two grounds of defence were relied upon at the trial. First, a warranty, and that the machine did not answer the warranty, and, second, fraudulent representations made by the vendor at the time of the sale of the machine and transfer of the right. We have carefully examined the instructions, and in them find no error. The case seems to have been fairly put to the jury, who found the issues joined for the plaintiff below, and we have now to determine whether the court erred in refusing to set aside that verdict. We are of opinion that the evidence not only justified, but that it required the verdict which was rendered.   First, as to the warranty.   The evidence relied upon to prove the warranty, is a statement of the plaintiff below in his answer to a bill of discovery in which he says, " That this defendant may have represented that the said machine would manufacture shingles without checking or splitting them, or words to that effect; do not remember the words used."   This we do not think was evidence of a warranty of the quality of this machine or the invention.   While no particular form of words is required to make a warranty, nor is it

necessary that the word warrant should be used to form such a contract, still it is necessary that such expressions should be used as show the intention of the party to bind himself to make good the quality of the articles as described or represented, and not a mere statement or expression of opinion as to the quality or character of the articles sold. The evidence should show not only that the purchase was of the article as exhibited, but also that the purchase-money was paid for the undertaking of the seller that the article sold was of a particular quality. In order to constitute a warranty, such undertaking must enter into and form an essential element in the consideration of the bargain. Should every expression of opinion upon the sale of an article, be held to. create a warranty, proof would not be wanting in almost every instance of the sale of chattels to establish a warranty; for but few articles are sold where the vendor does not praise his wares, and such encomiums are generally understood by purchasers as they are intended by the sellers. Where a warranty is intended, something more than this is done, and the intention of the parties is clearly manifest to that effect.

The next inquiry is, Did Johnson know at the time he made this statement that it was false, and was the purchaser deceived thereby? Judging from the evidence in this record, it may still be doubtful whether this machine, in skilful hands, will not make shingles without checking or splitting them. Those who experimented with this machine, and another like it, did not succeed in making shingles without checking or splitting them, and the evidence tends to show that even Johnson himself did not make an article which was perfect after it was dried; but the testimony of several witnesses who have been extensively engaged in the manufactory of these machines, and who made the one which was the subject of this sale, tends very strongly to show that these machines, when properly managed, will do good work, and will answer the description given by Johnson. At any rate, there is enough to show that he may have believed, in good faith, that the machine would make shingles, when properly managed, of the quality described. If in this he was deceived, still that did not make him guilty of a fraud. We think the jury were justified in the verdict which they found.

Some other questions were suggested upon the argument in reference to the admissibility of evidence, but not, we think, of sufficient importance to require particular notice.

The judgment must be affirmed.

*Judgment affirmed.*