## RALPH HANSON *et al.*

*v.*

## FREDERICK BUSSE.

1. VENDOR — *of chattels — when not liable for defects of.* The rule is firmly established, that a vendor of goods, which the purchaser has, at the time of purchase, the opportunity of inspecting, is not responsible for defects of quality, in the absence of fraud and warranty.

2. WARRANTY — *what does not constitute a warranty.* No particular form of words, or expression is necessary to create a warranty; nor will commendation of the goods, or a representation that they are of a certain quality create a warranty, unless the language of the vendor taken in connection with the circumstances of the sale, fairly implies such intention.

3. FORMER DECISIONS. *Towell* v. *Gatewood*, 2 Scam. 22; *Adams* v. *Johnson*, 15 Ill. 345; and *Kohl* v. *Linder*, 39 id. 195; cited as sustaining this doctrine.

4. VENDOR — *of chattels — when representations by — will constitute a warranty.* Where a person sold to another, a quantity of apples in barrels, and represented them to be good hand-picked fruit, and of the same quality as previously purchased by the vendee, and shipped by the same party, and

exhibited three barrels of them as samples which were good, and a sale was effected, — *held*, that the fruit proving unmerchantable, the purchaser was not liable for the purchase price; that he had a right to rely upon the samples shown to him, and the representations made concerning them by the vendor, and was under no obligation to open every barrel of the fruit, and make an inspection.

5. SAME.  Where a sale of goods is effected by exhibiting a sample, or when the purchaser has had no opportunity for inspection, in the first instance, the bulk must be as good as the sample, and in the latter it must be as represented.  In such cases the maxim *caveat emptor* has no application.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Messrs. BLODGETT & WINSTON, for the appellants.

Mr. THOMAS SHIRLEY, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action, brought by Hanson and Barrett, against Busse, to recover the price of one hundred and ten barrels of apples, sold by them to Busse. The demand was resisted, on the ground that the apples, when opened, proved to be decayed and entirely worthless. The jury found for the defendant and the plaintiffs appealed.

The court gave for the defendant a series of instructions, nearly all of which embody the idea, that if the plaintiffs represented the apples to be good, and the defendant bought them, relying upon such representations, and they were bad and unmerchantable, and the defendant offered, at once, to return them, he would not be liable for the price.

In reference to the sale of personal property, which is open to the inspection and examination of the purchaser, this would not be the law. In such cases it is immaterial how far the purchaser may rely upon the representations of the vendor as to the quality of the goods, if there was no intention on the part of the vendor to warrant, and if he used no language fairly implying such an intent. The different rule of the civil law may

be founded on higher morals, and the modern decisions, both in England and this country, seem to be tending in that direction. This tendency is shown in the recognition of exceptions to the rule. But the rule itself must be considered firmly settled in the common law, that the vendor of goods which the purchaser has, at the time of purchase, the opportunity of examining, is not responsible for defects of quality, in the absence of fraud and warranty; and although no particular form of words is requisite to constitute a warranty, yet a simple commendation of the goods, or a representation that they are of a certain quality does not make a warranty, unless the language of the vendor, taken in connection with the circumstances of the sale, fairly implies an intention, on his part, to be understood as warranting. The rule has been thus laid down by this court in several cases. *Towell* v. *Gatewood,* 2 Scam. 22; *Adams* v. *Johnson,* 15 Ill. 345, and *Kohl* v. *Linder,* 39 id. 195. In the last case the rule is fully considered.

But, although these instructions would be erroneous if applied to ordinary sales of personal property open to inspection, yet they must be considered in reference to their application to this particular case, and, tried by that standard, we can not say they misled the jury. As stated by this court in *Kohl* v. *Linder,* above quoted, one of the exceptions to the general rule is, where the sale is made by sample, and another, where the purchaser has no opportunity for inspection. The bulk must be as good as the sample, and, if there is no opportunity for examination, the article sold must be what the vendor represents it to be. In such cases the maxim *caveat emptor* can have no application.

In the case before us the proof shows that the 110 barrels were piled up in tiers at a railway depot in Chicago. The purchaser went with the clerk of the plaintiffs to look at them. They opened a couple of barrels that stood on the floor. The purchaser was lame from rheumatism, and requested the clerk to climb up and open a barrel on the top of the tiers. He did so, and showed the purchaser some apples which were in good condition, and said they were all like that. The plaintiffs had

told the defendant the apples were just such as he had previously bought, shipped by the same man, and good handpicked fruit. The apples in the three barrels exhibited as samples were unquestionably merchantable, or the defendant would not have bought. It would be unreasonable to require that he should have opened every one of the 110 barrels. He had the right to rely on the samples shown to him, and on the representations of the plaintiffs that the apples were good. He had no opportunity for the exercise of his own judgment, and the plaintiffs must have known that he bought relying upon their representations. The case falls clearly within the exceptions to the general rule above mentioned, and there is no ground for saying *caveat emptor*. The verdict was just, and the instructions as applied to the facts of this case could not have misled the jury.

The plaintiffs' instructions were properly refused, because inapplicable to the facts of this case. They would have tended to mislead the jury.

The judgment must be affirmed.

*Judgment affirmed.*