## CHRISTIAN KASSING

### v.

## JOHN B. MORTIMER et al.

1. DEPOSITIONS—*time for objections to.* Objections to depositions which may be obviated by issuing a new commission, and re-examining the witness, can not be heard after the case is called for trial. A motion to suppress for such objections, when the case is called for trial, or reached on the docket, comes too late.

2. The objection that the commissioner taking a deposition does not appear to have authority to administer oaths, if tenable at all, and formal objections to the interrogatories and answers to the same, must be made before the case is reached for trial in its order, or they will be waived.

APPEAL from the Superior Court of Cook county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. GEORGE W. PARKES, for the appellant.

Messrs. CARTER, BECKER & DALE, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of assumpsit for merchandise sold and delivered by appellees to appellant.

The only questions discussed in the briefs before us, relate to the ruling of the court below, in permitting the reading of the deposition of John G. Schneider in evidence, and the sufficiency of the evidence to sustain the verdict.

The deposition appears to have been taken before one Allen Lee Smidt, of the city of New York, who was appointed a commissioner for that purpose, and it is objected there is nothing in the record showing that he was authorized to administer an oath.

Even if this objection, if made in apt time, would have been tenable, which is not conceded, it is clear it was made too late to be entertained by the court.

The record shows the motion to suppress the deposition on account of this objection, was not made until the case was called for trial. It has been repeatedly held, that objections to depositions which might be obviated by issuing a new commission and re-examining the witness, can not be heard after the case is called for trial and submitted to a jury. *Kimball* v. *Cook*, 1 Gilm. 424; *Frink* v. *McClung*, 4 id. 569; *Thomas* v. *Dunaway*, 30 Ill. 386; *Winslow et al.* v. *Newlan et al.* 45 id. 145; *Moshier* v. *Knox College*, 32 id. 162. And the principle also requires that such objections shall be made before the case is reached for trial in its order in the regular call of the docket, and is actually called for trial.

The objections to the interrogatories and answers belong to the same class. They are formal and were urged too late.

We think the evidence, as found in the record, sufficiently shows a sale and delivery of the goods by appellees to appellant. It is not necessary that such evidence should be so positive and certain as to exclude every hypothesis to the con-

trary; but it is enough that it preponderates sufficiently to satisfy the mind with reasonable certainty, that such was the fact.

*Judgment affirmed.*