# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—MARCH TERM, 1886.

LYMAN EVERINGHAM ET AL.

v.

EDWARD A. LORD.

1. PRACTICE—MOTION TO SUPPRESS DEPOSITIONS.—A motion to suppress depositions made two days before the trial is in apt time.

2. GOODS SOLD BY SAMPLE—WARRANTY.—In every sale of goods by sample, the vendor impliedly warrants the quality of the bulk to be equal to that of the sample, and there is no distinction between the contract as expressed in words and as implied by law, and any custom or usage which would be competent evidence to affect the rights of the parties under the warranty implied, would be competent under the same warranty expressed.

3. USAGE OR CUSTOM.—No usage or custom can be set up in contravention of the express terms of a contract; but a usage or custom may add new terms not expressed in or covered by the contract, which are incidental and not repugnant to it.

4. BOARD OF TRADE USAGE.—Where the usage sought to be proved had reference to the method of dealing on the Board of Trade, with regard to the time within which inspection and objection to corn sold by sample with an express warranty that the bulk was equal to the sample should be made, *held*, that evidence of the custom was competent, as this point of inspection and time for objection was in no way covered by the express contract, and as the custom was reasonable and proper, and the parties, being Board of Trade members, must be presumed to have dealt with reference to it.

(565)

APPEAL from the Superior Court of Cook county; the Hon.
ELLIOTT ANTHONY, Judge, presiding.    Opinion filed June 9,
1886.

Mr. JOHN E. BURKE, for appellants; as to evidence of cus-
tom, cited Bywater v. Richardson, 1 Ad. & E. 508 ; Smart
v. Hyde, 8 M. & W. 723; Parker v. Ibbetson, 4 C. B. (U.
S.) 346; Dixon v. Dunham, 14 Ill. 329 ; Bailey v. Bensley,
87 Ill. 556.

Mr. MILLARD R. POWERS and Mr. FRANK E. LORD, for ap-
pellee ; as to evidence of custom, cited Dixon v. Dunham, 14
Ill. 326 ; Fay v. Strawn, 32 Ill. 302; Cadwell v. Meek, 17 Ill.
228 ; Deshler v. Beers, 32 Ill. 368; Barlow v. Lambert, 18
Ala. 704 ; Yates v. Pym, 6 Taunt. 446 ; Van Hoesen v.
Cameron, 20 N. W. Rep. 609 ; Schenck v. Griffin, 38 N. J. L.
471 ; Steward v. Scudder, 4 Zab. 96 ; Spears v. Ward, 48
Ind. 541.

MORAN, J.   Before the trial of this case in the court below,
a motion was made by defendants' attorney to suppress the
depositions of certain witnesses taken in the State of Pennsyl-
vania under a commission addressed " To W. I. Woodcock,
Esq., Hollidaysburg, Blair county, Pennsylvania, or to any
judge, master in chancery, notary public, or justice of the
peace of the State and county above mentioned." The deposi-
tion appeared to have been taken before one Ephraim Gerst,
a notary public, and the certificate was signed by Gerst as
notary public, but there was no certificate of his official char-
acter attached to or accompanying the deposition.   The mo-
tion to suppress was overruled.   This was error.   There is
nothing in this record to show that defendants had in any way
waived or forfeited the right to object to the depositions and
to have them suppressed for the cause assigned.   The motion
was made in apt time.   The rule as established in this State
by numerous decisions is, that such motion may be made after
leave has been obtained to open the depositions and before
the trial is entered upon.   A motion made two days before

the case is called for trial, as this motion was, is certainly not too late. Corgan v. Anderson, 30 Ill. 95; Kimball v. Cook, 1 Gilm. 423; T. W. & W. R. R. Co. v. Baddeley, 54 Ill. 19; Swift v. Castle, 23 Ill. 209; R. R. I. & St. L. R. R. Co. v. McKinley, 64 Ill. 338; Merchants' Dispatch Co. v. Leysor, 89 Ill. 43; Kassing v. Mortimer, 80 Ill. 602.

This action was brought to recover for a breach of warranty in the sale of a car load of ear corn. The parties plaintiff and defendant were members of the Chicago Board of Trade. The sale of the corn in question was by sample, and the evidence tended to show with an express warranty that the bulk of the car load was equal to the sample. After the appellee, Lord, had agreed to take the corn, he gave directions that it should be shipped to Cessna Station, Pennsylvania. The shipping directions were given to appellants' agent who made the sale of the corn.

The main controversy in the case grows out of the ruling of the trial court, as to the effect, on the rights of the respective parties, of an alleged usage or custom on the Chicago Board of Trade, that corn sold by sample must be inspected by the purchaser, or by his direction, within twenty-four hours after the purchase, and rejected if it is faulty; and upon a failure so to inspect and reject within said time, unless an extension of the time is obtained, the purchaser is held to have accepted the corn and taken it at his own risk, and can not thereafter complain that the bulk was not equal to the sample. There was conflict in the evidence as to whether an express arranty was given, at the time of the sale, that the bulk should equal the sample, but there was no contest that the sale was made by sample.

The court admitted proof of the usage with reference to sales made by sample merely, but refused to admit evidence offered to show that the same usage obtained when there was an express warranty that the bulk was equal to the sample, and upon that point instructed the jury for the plaintiff as follows:

" The jury are instructed that no custom, however good, will be permitted to vary the express terms or language of a con-

tract. Proof of usage or custom can only be received to show the intention or understanding of the parties in the absence of an agreement, and if the jury believe from the evidence that the car of ear corn in question was purchased by plaintiff from defendants, under an express agreement by defendants that it should be equal to the sample shown, and that the corn was not equal thereto, they are instructed that no proof of custom or usage can be considered as releasing defendants from the terms of such an agreement, and they must find the issues for the plaintiff and assess his damages, if any, at such an amount as they believe from the evidence he has sustained."

By ruling out the evidence offered and instructing the jury as in the foregoing instruction, the court made a distinction between cases in which the warranty that the bulk shall be equal to the sample is implied and where it is express.

In every sale of goods by sample, the vendor impliedly warrants the quality of the bulk to be equal to that of the sample, and we are entirely unable to see any distinction between the contract as expressed in words and as implied by law. It was said by Abbott, C. J., in Parker v. Palmer, 4 B. & A. 387, that, "The words 'per sample' introduced into this contract may be considered to have the same effect as if the seller had in express terms warranted that the goods sold should answer the description of a small parcel exhibited at the time of the sale." And in Bradford v. Hanly, 13 Mass. 139, Chief Justice Parker said, "We are all decidedly of the opinion that a sale by sample is tantamount to an express warranty that the sample is a true representative of the kind.' The express warranty claimed by the plaintiff in this case, then, was co-extensive and identical, in legal import, with the warranty implied from the sale by sample merely, and any custom or usage which would be competent evidence to affect the rights of the parties under the warranty implied, must be equally competent under the same warranty expressed.

No usage or custom can be set up in contravention of the express terms of a contract. If the parties by the terms of their contract cover the point as to which the usage is shown to exist, the contract will, under the invariable rule, contro

Everingham v. Lord.

the rights of the parties to it; but while the usage or custom can not contradict the stipulations in the contract, it may add new terms not expressed in or covered by the contract, and which are incidental and not repugnant to it.

Ever since the leading case of Wigglesworth v. Dallison, it has been the established rule that customs which do not contradict the agreement, but add · to it a consequential right or duty, are binding on the parties without reference to the question whether the agreement is by deed or parol, or the undertakings are implied from certain acts of the parties· 1 Smith's Leading Cases, 670, and cases cited in the note; Ala. and Tenn. Rivers R. R. Co. v. Kidd, 29 Ala. 221; Leach v. ̇eardslee, 22 Conn. 404; Lyon v. Culbertson, 83 Ill. 33.

All persons dealing in any branch of business are presumed to be acquainted with any usage affecting it, and are presumed to deal in reference to it. Such a usage is evidence of what is reasonable; that is, of what is suitably adapted to secure both parties in their rights; Casco Manufacturing Co. v. Dixon, 3 Cushing, 410. The usage sought to be proved in this case had reference to the method of dealing on the Board of Trade, with regard to the time within which inspection and objection to corn sold by sample with an express warranty that the bulk was equal to the sample, should be made. This point of inspection and time for objection, was in no way covered or attempted to be covered by the terms of the express contract which plaintiff claims was made, and hence if the custom or usage which defendant sought to prove, in fact existed, and was reasonable and well established, it was competent, for it in no manner contradicted or varied the terms of the express contract, and the parties to the contract both being members of the Board of Trade, must be presumed to have dealt with knowledge of and reference to it.

The custom or usage, if it exists, would, in view of the business of commission men of the Chicago Board of Trade, seem to be proper and reasonable.

At common law if a purchaser of goods by sample desired to repudiate the sale on the ground that the bulk did not correspond with the sample, he was bound to do so within a reasonable time. Parker v. Parker, *supra*.

In great centers of trade where the volume of business is immense, usages which facilitate the completion of transactions and speed the final settlement of accounts between the parties interested, are natural and indeed necessary, and when proved to exist, the courts apply them to the parties as the law of their dealings.

In Sanders v. Jameson, 2 C. & K. 557, a custom of the Liverpool corn market very similar to the one claimed to exist on the Chicago Board of Trade, namely, that " if corn be sold by sample, and the buyer does not on the day the corn is sold, examine the bulk and reject it, he can not afterward reject it or refuse to pay the whole price," was held to be a reasonable usage, and binding on the parties dealing in the market.

It follows from the foregoing considerations that the court below erred in the instructions given and above set out, and in the ruling that evidence of the alleged custom could not be received where there was an express warranty that the bulk was equal to the sample.

The court erred also in admitting evidence as to the damages. It does not appear from the record that the vendor of this corn was informed before the sale that it was wanted for any special purpose, or that it was to be shipped to Pennsylvania. The shipping directions appear to have been given to the vendor after the sale was made. The true rule of damages in such cases is announced in Goodkind v. Rogan, 8 Bradwell 413 ; and if on another trial of this case, the facts shall remain as in this record on that point, the rule stated in said case will govern as to damages.

The case must be reversed and remanded.

Reversed and remanded.