THE KANKAKEE STONE & LIME COMPANY

v.

STEPHEN UGROW.

*Sales—Warranty—Question for the Jury—Instructions.*

1. In an action for breach of warranty in the sale of a chattel, it is a question for the jury whether there was a warranty and a breach thereof.

2. In such action where it is sought to establish a warranty by implication from the use of general expressions, an instruction that the jury must believe that it was intended to make such a warranty by the use of general words, is proper.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Kankakee County; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. STEPHEN R. MOORE, for appellant.

Mr. H. K. WHEELER, for appellee.

C. B. SMITH, J.   This suit is brought by appellant to recover damages for an alleged breach of warranty on the sale or trade of a mule to appellant by appellee.

Appellee had a little old mule, "all bunged up," which he

Kankakee Stone & Lime Co. v. Ugrow.

traded to appellant for wheat; appellant supposed it to be a good, sound mule, weighing 1,060 pounds, and gave him $50 to boot. The mule which appellant traded for got sick very soon after the trade, with dropsy of the chest, and died in two weeks. Appellant claims that appellee warranted the mule to be sound when he traded, and that she was not in fact sound, but that she was laboring under the disease of which she died when the trade was made. The only witnesses to the trade and its terms were Laporte, for the company, and Ugrow, for himself. Laporte swears that Ugrow warranted the mule to be sound. Ugrow denies that he made any warranty, or used any words that in law would amount to a warranty. Whether there was a warranty or not was a question of fact for the jury. It was for them to say which one of these two witnesses they would believe. But even if there was a warranty, then the plaintiff was bound to prove that the mule was sick or unsound when he bought her. The only appearance of unsoundness of the mule at the time of the trade was some swelling of her legs, which all parties then seemed to understand was caused by standing on the stable floor.

The evidence, on behalf of appellee, that there was nothing the matter with the mule at the time of the trade, is quite as strong as the evidence for appellant that the mule was not sound. At all events it was a question of fact for the jury, which they have found against appellant, and we can not say they erred in that finding.

Appellant also claims the court erred in modifying one of its instructions. The modification complained of simply informed the jury that, in cases where no express and formal warranty was made, and when it was sought to have the jury imply a warranty from the use of general expressions, in such cases the jury must believe from the evidence that the defendant intended to make such a warranty by the use of general words. This modification was right, under the claim made by the plaintiff and under the evidence before the jury. Ender v. Scott, 11 Ill. 35; Adams v. Johnson, 15 Ill. 345.

There is no error in the record and the judgment is affirmed.                    *Judgment affirmed.*