## C. E. Spring v. Slayden-Kirksey Woolen Mills.

1. CONTRACTS—*Goods Sold by Sample.*—Where goods are sold by sample, it is a condition precedent that the goods, when delivered, shall correspond with the sample by which the sale is made, in kind, character and quality.

2. SAME—*Sale by Sample is Equivalent to Warranty.*—A sale by sample is equivalent to a warranty that the sample is a true representative of the goods.

3. SAME—*Where Contract is Separate and Not Entire.*—When different articles are bought at the same time, for different prices, though of the same general description, the contract is not entire, but is a separate contract for each article sold, unless the taking of the whole was rendered essential, either by the nature of the subject-matter or by the act of the parties.

Assumpsit, for goods sold and delivered. Appeal from the Circuit Court of Jackson County; the Hon. ALONZO K. VICKERS, Judge presiding. Heard in this court at the August term, 1902. Reversed and remanded. Opinion filed March 2, 1903.

WILLIAM A. SCHWARTZ and HOSEA V. FERRELL, attorneys for appellant.

THOMAS H. PHILLIPS and JAMES H. MARTIN, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This was suit in assumpsit on the common counts to recover for a bill of goods sold by appellee to appellant. Defendant pleaded the general issue. The court instructed the jury to return a verdict for plaintiff. The bill rendered was for $231.70, with a credit of $13.50, leaving a balance of $218.20. The verdict and judgment were for this amount, from which defendant appealed.

There being no conflict in the evidence, the only issue presented is one of law.

If the contract of sale was an entire contract, the instruction of the court and the consequent verdict are correct. If the contract was divisible, there is manifest error in instruction, verdict and judgment.

The goods consisted of twelve dozen pairs of pants, and were sold to appellee by sample, through J. C. Wilson, appellant's traveling man, to be shipped March 1, 1901. The bill amounted to $231.70. Appellee retained one dozen pairs, being the dozen of lot 4412, price $13.50, and at once returned to appellee the remaining eleven dozen pairs, for the reason that they were not of the kind and quality that he ordered. J. T. Evans, clerk and agent of appellant, and who, so acting, contracted for the pants, testified:

"I know about the goods sued for. Slayden-Kirksey's traveling man came to our place and wanted to sell some pants. I bought thirteen dozen pairs of pants. He had sample pants, and took them out and put them on the table or counter. I took out thirteen dozen pairs I wanted. The samples were there before me, I selected from them, and I made the same examination of them that I do of all pants I buy. * * * I ordered thirteen dozen. Pants finally came in, and I opened them, and then I saw that there was only one dozen pairs that I bought—just simply twelve pairs like I bought. I put the balance of them in a box and sent them back. I did not keep them over

twenty-four hours.  I kept all the pants that were according to sample; sent them the money for the twelve pairs I kept, and they never sent me a receipt for it.  The rest of the pants I sent back because they were not like I bought.  There was n't a pair in the lot like I bought, outside the pants I kept."

Cross-examination:

"They were not there over twenty-four hours. 'Exhibit A' is the original order sheet.  I kept one dozen No. 4412. The other lots were not like the patterns showed me.  The figure was different.  I mean the stripe in the pants; don't consider them as good quality as I looked at.  I considered the difference in the goods; they were not made as well, and the goods were not as heavy, and they were not woven as close.  They were not striped alike."

Exhibit A was introduced as evidence by appellee.  It shows that there were twelve separate lots, at different prices, from each of which lots appellant selected one dozen pants.  The exhibit is as follows:

| | | | |
|---|---|---|---:|
| 4412. | 1 doz. | pants, | $13.50 |
| 4052. | 1 " | " | 12.00 |
| 4051. | 1 " | " | 12.00 |
| 5067. | 1 " | " | 18.00 |
| 5066. | 1 " | " | 18.00 |
| 5479. | 1 " | " | 21.00 |
| 5477. | 1 " | " | 21.00 |
| 5696. | 1 " | " | 24.00 |
| 5864. | 1 " | " | 27.00 |
| 5861. | 1 " | " | 27.00 |
| 5858. | 1 " | " | 27.00 |
| 4051. | 1 " | " | 10.50 |
| Case. | | | .70 |

$231.70

June 17, by cash,.............. 13.50

$218.20

The uncontradicted testimony of Evans, in connection with Exhibit A in evidence, shows this to be a divisible, and not an entire contract.  If all the pants purchased had been of one lot, a different case would be presented.  In such instance the case would be similar to Harzfeld v.

Converse, 105 Ill. 535, cited by appellee, where six cases of beavers were bought, by sample. The court held this to be an entire contract, and that to rescind, all the cases must be returned. If the evidence had shown that the cases were of different lots or qualities, and of different prices, the facts would have been on all fours with the facts in this case, and the decision would be pertinent.

In Wolf v. Dietzsch, 75 Ill. 206, cited by appellee, the contract was for eighty-one gallons of Affenthaler red wine. This was held to be an entire contract. There was not, as in the present case, different lots of wine, of different qualities and prices.

Where goods are sold by sample, it is a condition precedent that the goods, when delivered, shall correspond with the sample by which the sale is made, in kind, character, and quality. In Hanson v. Busse, 45 Ill. 496, the court held:

"Where a sale of goods is effected by exhibiting a sample, or where the purchaser has no opportunity of inspection, in the first instance, the bulk must be as good as the sample, and in the latter, it must be as represented."

A sale by sample is equivalent to a warranty that the sample is a true representative of the goods. Bradford v. Manly, 13 Mass. 139; Everingham v. Lord, 19 Ill. App. 565; Doane v. Dunham, 65 Ill. 512.

It is well settled, that where articles purchased under a contract of warranty are not of the kind or quality warranted, that the purchaser may rescind the contract.

When different articles are bought at the same time, for different prices, though of the same general description, the contract is not entire, but is a separate contract for each article sold, unless the taking of the whole was rendered essential, either by the nature of the subject-matter or by the act of the parties. Bank of Antigo v. Union Trust Co., 149 Ill. 343; Story on Contracts, Vol. 1, Sec. 24; Young & Co. v. Wakefield, 121 Mass. 91; Wharton, Law of Contracts, Vol. 1, Sec. 748; Parsons' Law of Contracts (6th Ed.), Vol. 2, 517; Keeler v. Clifford, 165 Ill. 547; Mechanics' Bank, etc., v. Frazer, 86 Ill. 139.

In Rothschild Bros. v. Wise, 81 Ill. App. 95, a case entirely similar to the present case, this court has held the law to be as laid down in the above citations.

There is nothing in evidence to show that either by the acts of the parties, or the nature of the transaction, the sale of any dozen of the twelve lots of pants was conditioned upon a purchase of a dozen of each lot. The qualities of the lots were different, and the prices different. Appellant selected the pants by sample from each lot, and appellee agreed to furnish the kind and quality of each lot selected by appellant and represented by the sample shown. It was therefore a divisible contract, which the vendee could affirm in the part or parts complied with by the vendor according to the contract, and could rescind in those parts where the vendor did not comply with the contract.

The judgment of the Circuit Court is therefore reversed and the case remanded.