Calixte Robidoux et al., Defendants in Error, v. Charles Baltz et al., Plaintiffs in Error.

Gen. No. 14,850.

1. SET-OFF—*what not proper subject of.* Unliquidated damages which do not grow out of the contract sued on are not proper by way of set-off.

2. CONTRACTS—*when severable.* If several distinct deliveries are provided by a contract to be made and the price to be paid by the other party for each of such deliveries is specifically provided for by such contract, such contract is severable.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed February 15, 1910.

PHILLIP KOEHLER and OSSIAN CAMERON, for plaintiffs in error.

HOYNE, O'CONNOR, HOYNE & IRWIN, for defendants

in error; JOHN O'CONNOR and CARL J. APPELL, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiffs, Robidoux & Parenteau, recovered a judgment in the Municipal Court of Chicago for $201.60 against the defendants Baltz & Diederichs for cheese sold and delivered. The cheese was shipped by the plaintiffs on July 27, 1907, on the order of defendants, given prior to that date, and was received by the defendants on or about August 6, 1907. Defendants admitted on the trial that they received the cheese and that $201.60 was the correct price for it. The defense attempted to be set up under a plea of set-off was for damages for a breach of contract on the part of plaintiffs in failing to ship a carload of cheese to the defendants. The first statement of this claim sent to the plaintiffs by the defendants under date of October 11, 1907, claimed damages for non-delivery of cheese sold September 2, 1907. This statement was introduced in evidence by the defendants on the trial without modification or qualification. In the same statement they acknowledge receipt of the cheese, the price of which is sued for, on August 19th preceding. But later on the trial, the defendants shifted their ground of defense and claimed the same amount of damages on the same quantity of cheese claimed to have been sold to them by the plaintiffs on July 27, 1907. This claim is based on a letter received by the defendants from the plaintiffs bearing the last mentioned date. This letter appears to have been lost about the time of the preparation of the case for trial by the defendants. It appears to be the only letter missing in the entire correspondence between the parties. The contents of this letter were practically the main matters of dispute on the trial. The letter was sent by plaintiffs to defendants in the same enclosure

with the bill for the shipment of July 27, 1907. The defendants testified that it contained an offer to sell 350 to 400 boxes of cheese at 11½ cents a pound, while Homer Parenteau, a son of one of the plaintiffs who conducted the correspondence of plaintiffs, in his deposition read in the case testified that the letter specified neither price nor quantity, but that they would sell them cheese at the market price and would stand the rise or fall of the market.

The trial court disallowed the set-off and rendered judgment for the plaintiffs.

Upon a careful review of the evidence we find no reason for disturbing the judgment of the Municipal Court. We think it is supported by the evidence, oral and written, and it is in accordance with the law.

If the cheese was ordered and sold on September 2, 1907, as stated in defendants' statement dated October 11, 1907, or if the contract of sale was made in the lost letter of July 27, 1907, which enclosed the bill for the cheese already shipped and for the price of which the suit was brought, the defendants' claim in its set-off is for unliquidated damages which did not grow out of the contract sued on and are not proper subject of set-off. Higbie v. Rust, 211 Ill. 333; Clause v. Bullock P. P. Co., 118 *id.* 612.

If the cheese which the plaintiffs failed to ship, and forming the basis of the plea of set-off, was to be delivered under the same contract by which the cheese the price of which is sued for by plaintiffs, was delivered, the contract was, in our opinion, a severable contract, because the part to be performed by the plaintiffs consisted of several distinct and separate items, and the price to be paid by the defendants was apportioned to each item to be performed. Under the authorities this makes it a severable contract. Burt v. Garden City Sand Co., 141 Ill. App. 603, affirmed in 237 Ill. 473; Keeler v. Clifford, 165 Ill. 544; Bank of Antigo v. Union Trust Co., 149 *id.* 343; Dobbins v. Higgins, 78 *id.* 440. On failure of defendants to pay

for the cheese delivered when payment was due, plaintiffs had a right to cancel the contract and refuse to deliver any more goods under it. This was done in the letter to defendants dated September 2, 1907. This view of the contract would defeat defendants' claim.

We find no error in the record and the judgment is affirmed.

*Affirmed.*