## Ava Blue Grass Creamery Company, Defendant in Error, v. Sussman Brothers, Inc., Plaintiff in Error.

1. Sales—*when contract divisible.* A sales contract by which defendant agreed to take the butter product of defendant in error for a year up to a certain weekly quantity, of agreed quality, at a price fixed, payable weekly, is divisible.

2. Evidence—*when offer of proof incompetent as hearsay.* An offer of evidence to prove that defendant had received complaints from his customers about the quality of plaintiff's butter as furnished him under a butter sales contract, was an offer of hearsay and incompetent in the butter maker's suit to collect under the contract.

3. Sales—*when evidence incompetent to prove noncompliance with contract.* An offer to prove that a butter factory promised to change its butter maker was incompetent against it in its suit to collect for nonpayment for the last month of a butter sales contract, as such evidence did not tend to show that the butter delivered to defendant was not up to contract quality.

4. Sales—*when evidence of noncompliance with contract requirements too vague.* An offer to prove that a butter maker promised to

make right at some future time a failure of quality in butter furnished defendant is incompetent in the former's suit to collect for nonpayment under a butter sales contract because it is too vague as to what was promised and by whom.

5. Sales—*duty of purchaser to notify seller of nonconformity with contract standards.* Evidence held to show that the purchaser of butter failed to notify the seller within a reasonable time after delivery and acceptance of same, that it did not conform to the contract requirements and hence, under Cahill's St. ch. 121a, ¶¶ 51 and 52, the purchaser was barred from recouping damages against the seller growing out of such failure to comply with the contract.

6. Saving questions for review—*failure to attach affidavit of merits to plea.* To raise on appeal defendant's failure to attach on affidavit of merits to his plea, plaintiff must bring such failure to the attention of the court on the trial by motion to strike or otherwise.

Error by defendant to the Circuit Court of St. Clair county; the Hon. J. F. Gillham, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed February 19, 1927. Rehearing denied March 23, 1927.

D. E. Keefe and Harold G. Baker, for plaintiff in error.

Kramer, Kramer & Campbell and Roland H. Wiechert, for defendant in error.

Mr. Justice Boggs delivered the opinion of the court.

Plaintiff in error, being engaged in the grocery business in East St. Louis, contracted with defendant in error, who operates a creamery at Ava, Illinois, to purchase from it "the entire output of butter manufactured by said party of the first part (defendant in error) at their plant at Ava, Illinois, not to exceed 3,000 pounds of butter per week, for the term of 1 year, beginning on the 1st day of January, 1924, and ending on the 31st day of December, 1924.

"The party of the first part (defendant in error) further agrees that the aforesaid butter shall be fresh and shall score from 85 to 92, that the said butter shall

be packed in pounds, one-half pounds and quarter pounds and tubs as requested in advance by the party of the second part; the party of the first part agrees to make shipments of the said butter daily as manu-factured; * * * the price to be 2 cents over St. Louis, Missouri, Standard Quotations; the party of the second part further agrees to pay the aforesaid purchase price for the said butter during the week following the receipt of the same." Said contract also provided that each party should furnish one-half of the cartons used for said butter.

All of the butter delivered up to November 24, 1924, was accepted and paid for. The butter thereafter delivered by defendant in error to plaintiff in error, not being paid for, suit was instituted in the circuit court of St. Clair county to recover for butter delivered from November 24 to December 11, 1924, inclusive.

The special count of the declaration set forth the terms of said contract, alleged the delivery and acceptance of said butter, and that it had not been paid for. The declaration also contained the common counts. The pleadings of plaintiff in error, as finally amended, consisted of the general issue, with notice of recoupment or set-off of damages alleged to have resulted to plaintiff in error on account of the failure of defendant in error to deliver the full amount of butter contracted, and for damages arising from the alleged failure of said butter to reach the standard set forth in the contract sued on. A trial was had, resulting in a verdict and judgment in favor of defendant in error for $1,570.14, being the total amount sued for, and which included one-half of the cost of the cartons used in connection with the delivery of the butter under said contract. To reverse said judgment, this writ of error is prosecuted.

It is first contended by plaintiff in error that the court erred in holding the contract sued on to be a di-

visible contract; that, suit being brought to recover for butter delivered and accepted from November 24 to December 11, plaintiff in error had a right to recoup or set off any damages it may have sustained on account of the butter theretofore delivered to it, and which had been accepted and paid for, not being of the quality and standard provided for in said contract.

The holding that the contract sued on was divisible, we think is fully sustained by our Supreme and Appellate Courts. *Harber Bros. Co. v. Moffat Cycle Co.,* 151 Ill. 84; *Spring v. Slayden-Kirksey Woolen Mills,* 106 Ill. App. 579; *Slayden-Kirksey Woolen Mills v. Spring,* 116 Ill. App. 27; *Davenport Vinegar & Pickling Works v. Glaser, Kohn & Co.,* 150 Ill. App. 567; *Robidoux v. Baltz,* 153 Ill. App. 100; *Amsler v. Bruner,* 173 Ill. App. 337; *North Shore Lumber Co. v. South Side Lumber Co.,* 176 Ill. 96; *Maney Milling Co. v. Baker-Wignall & Co.,* 186 Ill. 390.

Whether or not the court was correct in holding that plaintiff in error could not go back of November 24, 1924, for the purpose of proving as a recoupment or set-off that the butter theretofore delivered to it, and which was accepted and paid for, was not of the quality required by contract, as a defense to defendant in error's suit, the offer made by plaintiff in error of what it expected to prove was not competent. One of the offers made was as follows: "I offer to prove by this witness (David Sussman) that customers, such as the buyer for the Y. M. C. A., Bobinette's Restaurant and other persons, whom he knew, but whose names he can't recall, returned the butter, complaining that the butter was bad and they couldn't use it and those persons further refused to purchase butter from him or trade with him." Evidence of that character was wholly incompetent, and, being objected to, the court rightly refused to admit the same, it being of a hearsay character. Another offer was that "beginning with

May 9, 1924, and thereafter, while they received shipments of butter, and made payments for the same, that these were not voluntary payments in the sense that they were accepting the butter as being in compliance with the fulfillment of the contract, but made because the plaintiff was promising to do certain things, to change butter makers, or get a new butter maker, or that they (defendant in error) would make it right at a future time, and it was because of these things that payments were made, and not because the butter received was in compliance with the contract.''

The mere fact that defendant in error may have promised to change its butter maker would not tend, in and of itself, to show that the butter delivered and accepted was not according to contract, nor that defendant in error agreed to make it right at some future time, without showing what the defendant in error promised to do or by whom the promise was made. Evidence was admitted by the court to the effect that butter had been returned and complaints had been made, but that evidence had to do with butter delivered between November 24th and December 11th.

There was no evidence offered to show that defendant in error did not deliver its entire output to plaintiff in error during the period covered by said contract, or up to December 11, 1924. Some of plaintiff in error's witnesses testified to the effect that some of the butter had specks in it and was not sweet, but that testimony had to do with butter delivered after November 24th. No testimony was offered to the effect that the butter delivered prior to November 24th had been scored and did not score from 85 to 92, or that said butter was not fresh.

William Winkler, a witness on behalf of plaintiff in error, testified: ''I sold this butter all year, not only during November and December. I sold it all year but my complaints came in November and December, so far as I know the butter was good up to then.''

488 APPELLATE COURTS OF ILLINOIS.

Ava Blue Grass Creamery Co. v. Sussman Bros., 243 Ill. App. 483.

Arthur Niefert, a witness for plaintiff in error, testified on cross-examination: "All the butter that was sold to Winkler during November, from November 24 to December 11, was fresh butter that was shipped from the Ava Blue Grass Creamery Company during those periods."

None of the witnesses who testified on behalf of plaintiff in error undertook to state the amount of butter which they claim did not comply with the standard set forth in the contract, whether it was only a few pounds or many pounds.

On rebuttal, H. M. Talbot testified for defendant in error that the first complaint that Sussman made with reference to said butter was in January, 1925.

Even though it should be held that if competent proof had been offered, plaintiff in error would have been entitled to have recouped damages which it may have sustained prior to November 24, 1924, it must fail for lack of such proof or the offer of such proof. The record in this case wholly fails to show that the plaintiff in error ever returned or offered to return any of the butter received prior to November 24, 1924, but the evidence is that said butter was accepted and paid for.

It should be further observed that sections 48 and 49 of the Uniform Sales Act, Cahill's St. ch. 121a, ¶¶ 51, 52, chapter 121½, p. 2269, Smith-Hurd's Rev. St., 1925, provide as follows:

"§ 48. The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him, and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them.

"§ 49. In the absence of express or implied agreement of the parties, acceptance of the goods by the

buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."

We think the record in this case conclusively shows that plaintiff in error accepted all of the butter shipped or delivered prior to November 24th, and paid for the same, but there is no sufficient showing that notice was given defendant in error within a reasonable time after the acceptance of said butter that plaintiff in error was claiming damages on account of the butter not being of the standard provided for in the contract.

On the contention made by defendant in error that no affidavit of merits was filed with the second plea of the general issue with notice of set-off, and that therefore plaintiff in error was not entitled to offer evidence under said plea and set-off, if defendant in error desired to take advantage of the fact that no affidavit was filed with said plea, it should have brought the same to the attention of the court on the trial, by a motion to strike the plea or otherwise. Not having done so, it is not in a position to raise the point at this time.

On the whole record, we are of the opinion and hold that no substantial error prejudicial to plaintiff in error occurred on the trial of said cause, and that therefore the judgment of the trial court should be affirmed.

*Judgment affirmed.*