Philip L. ZUCKERMAN, d/b/a Atlantic Motor Products Co., et al., Plaintiffs-Appellees,

v.

BERG MANUFACTURING AND SALES COMPANY, a corporation, Defendant-Appellant.

No. 12845.

United States Court of Appeals Seventh Circuit.

June 27, 1960.

Myer H. Gladstone, Alex H. Dolnick, Chicago, Ill., for appellant.

Harold Orlinsky, Morris Saxner, Chicago, Ill., for appellees.

Before HASTINGS, Chief Judge and SCHNACKENBERG and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiffs'* complaint, in four counts, prayed $10,500 damages resulting from alleged false statements on which plaintiff relied, breach of contract, and breach of express and implied warranties. All four counts incorporate the same basic statements of facts.

Plaintiffs alleged that defendant's representative, Joseph Berg, told plaintiff Philip L. Zuckerman that defendant had purchased, from The White Motor Company, one lot of surplus Weatherhead fittings and parts, which consisted of all of the items in a printed list published by White, August 9, 1955, known to the trade as List No. 8955. Berg resold this lot to plaintiffs for $7,500 and sent them a copy of the List. The fittings delivered to plaintiffs comprised only 30% of the List. Plaintiffs estimated the value of the undelivered items at $5,250 and their lost profits on resale at an additional $5,250.

Defendant asserts that it sold plaintiffs precisely what it had bought from White, i. e. one lot of some 17,900 pounds of fittings taken from the said List, and acquired by the pound, but not the total number of items on that List.

The jury returned a verdict finding for plaintiffs and assessing damages at $7,400. Defendant's motions for directed verdict in its favor at the close of plaintiffs' case and at the conclusion of all the evidence, and for judgment notwithstanding the verdict, and, in the alternative, for a new trial, were all denied. This appeal followed.

Defendant lists the contested issues as:

### I.

Whether there was any evidence whatever introduced in behalf of the plaintiff to justify the verdict finding the issues against the defendant by the plaintiffs and assessing damages against it.

### II.

Whether the merchandise purchased by plaintiffs was subject to their inspection, and whether they had a full opportunity for inspecting the merchandise so as to bar them from any claim for damages against the defendant.

### III.

Whether the damages are excessive.

to which plaintiffs add another issue:

Whether the general jury verdict supports findings in this case of breach of contract, breach of warranty, or fraud, as well as implied warranty, and whether there is sufficient evidence to support one or more of such findings.

■■ We may set aside the verdict and judgment, and grant a new trial if we find the verdict and judgment wholly unwarranted and contrary to the clear preponderance or manifest weight of the evidence. Kahn v. James Burton Co., 1955, 5 Ill.2d 614, 623, 126 N.E.2d 836, 841. It is axiomatic that on review, a party, in whose favor a verdict has been rendered, is entitled to the benefit of all the facts which the evidence tends to prove and all just inferences which can be

---

* The title of the cause was amended after trial by the addition of Henry Simon as a plaintiff, the complaint having originally been filed by Philip L. Zuckerman d/b/a Atlantic Products Co.

drawn therefrom. Toombs v. Lewis, 1935, 362 Ill. 181, 188, 199 N.E. 127, 130, and cases there cited.

Plaintiff Zuckerman testified that in a telephone conversation with Berg, Berg had offered to sell plaintiffs the "same lot" which Berg had purchased; that Berg stated he had been advised by the White Motor Co. that Zuckerman was interested in purchasing the "same lot," that Zuckerman had the same List which Berg had received, the same List on which Zuckerman had quoted the White Motor Co.; that Berg had bid the List and was the successful bidder. Zuckerman testified further that he agreed to purchase the material for $7,000 plus $500 to cover the $500 Berg had paid for freight. Zuckerman sent a partial payment of $2,500 and a purchase order which referred to "1 Lot Surplus Weatherhead fittings from White Motor Co. as per their list No. 8955."

Subsequently Zuckerman and Simon came to Berg's office. On request of Zuckerman, Berg produced a copy of the White List which was identical with the List which Zuckerman already had. Zuckerman, Simon and Berg all went up to the third floor, where they found a number of kegs, some of which were open. Berg asked whether Zuckerman wished to examine further. Zuckerman replied, "No, if it's here as per List," to which Berg answered, "That's right. That's what I bought. Here's the List. Are you ready to pay your money?" Whereupon Zuckerman paid the balance of the $7,500 and received a receipted invoice prepared by Berg's employee and signed by Berg, which described the purchased material as "Lot Surplus Weatherhead Fittings from White Motor Co. as per their list #8955." There was a conflict of evidence as to whether Berg or Zuckerman dictated the wording of the receipt, each attributing the wording to the other.

After delivery and tally, Zuckerman wrote Berg complaining of the shortage.

There was no evidence to show that the plaintiffs ever dealt in scrap or with such fittings by pound. Defendant, however, produced evidence that the weights of the kegs were stated to total 18,000 pounds. Defendant relies heavily on Simon's statement on cross-examination that the total List items would have weighed far in excess of 18,000 pounds, to indicate that plaintiffs must have known the entire List could not have been sold. Plaintiffs' evidence is that the weight was needed only to arrange for transit and had no reference to quantity purchased. Both plaintiffs testified that they did not know how much the items would weigh. Simon made the statement as of the time of the trial. There was nothing to indicate that he had known the probable total weight of all the List items at the time of delivery, nor that he had seen the List itself prior to the time he saw it at Berg's place of business. There were numerous conflicts in the testimony of plaintiffs' and defendant's witnesses, as indicated, but these presented factual issues for the jury.

■ It thus appears that there was ample evidence on which the jury could logically base a finding that a contract existed for delivery of all the items on the White List, Higbie v. Rust, 1904, 112 Ill.App. 218, 222, affirmed 211 Ill. 333, 71 N.E. 1010, and that said contract had been breached, as alleged in plaintiffs' complaint.

■ Defendant argues that plaintiffs' own testimony shows that they had a full opportunity to inspect the subject matter of their purchase and that, therefore, the question as to whether the buyers had such an opportunity was no longer a subject for inquiry by the jury, citing Douthit v. Swiney, 1923, 310 Ill. 180, 184, 141 N.E. 535. In the instant case, however, there was evidence to show that the purchased material was packed in more than 95 separate kegs, all but a few of which were sealed, which contained about 200,000 separate pieces, which ultimately took about two weeks to tally. In addition there was evidence to support a finding that the buyers were influenced and persuaded not to inspect by the assurances of the seller in the conversation quoted above. In these cir-

cumstances, an implied warranty was not negatived by the buyers' failure to inspect. Hanson v. Busse, 1867, 45 Ill. 496, 499.

■ With respect to damages, it is admitted that plaintiffs paid $7,500, no part of which was ever returned to them. There was evidence of the profits plaintiffs might have gained. Plaintiffs' witnesses testified that the plaintiffs had returned the entire purchased material to defendant, having paid freight charges both ways. Defendant's witnesses testified that the returned shipment was incomplete and that it contained only about 12,000 pounds of the original merchandise and about 4 or 5000 pounds of less valuable items. There was further evidence that the returned shipment, consisting, in at least part, of the purchased merchandise, was sold by defendant for scrap. It is apparent that there was sufficient evidence to support the amount of the damages awarded by the jury.

Other arguments urged by defendant have been considered and found to be without merit.

The judgment of the Court below is affirmed.