The Chicago and Alton Railroad Company

*v.*

Leonard Matthews.

*Filed at Springfield October 30, 1894.*

1. Instructions—*inaccurate and subject to criticism may not reverse.* Instructions, though not perfectly accurate, and subject to criticism, will not be a ground of reversal, if it appears, on the whole, that the jury were not misled by them.

2. Same—*as to comparative negligence will not reverse.* It is not reversible error to instruct the jury as to comparative negligence, if the rule, as explained in the instructions, amounts to no more than that the plaintiff, to recover, must have exercised due care to avoid the injury.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. Thomas F. Tipton, Judge, presiding.

Mr. WILLIAM BROWN, and Messrs. WILLIAMS & CAPEN, for the appellant.

Messrs. BENJAMIN & MORRISSEY, for the appellees.

Mr. JUSTICE BAKER delivered the opinion of the court :

This was an action to recover damages by appellee, from appellant, for an alleged personal injury. The case was tried by the McLean county circuit court, and judgment rendered for appellee. Appeal was taken to the Appellate Court, and upon hearing in that court the judgment of the circuit court was reversed and the cause remanded. (*Chicago and Alton Railroad Co.* v. *Matthews*, 39 Ill. App. 541.) Upon remandment the cause was again tried in the McLean county circuit court and judgment was rendered for appellee for $4000, whereupon appellant appealed to the Appellate Court for the Third District, and upon a hearing by that court the judgment of the circuit court was affirmed. Appeal is taken to this court to reverse that judgment.

The declaration consisted of four counts, two of which charged negligence on the part of appellant, in that it permitted a bridge to be built over its tracks, and that it permitted a certain freight car of more than ordinary height to be placed in its train. The other two counts charged the same negligence, and that it was negligence in appellant not to place any danger signals on the bridge. To the declaration appellant pleaded not guilty.

The only errors insisted upon in this court are the giving of, and refusal to give, instructions. Nine instructions were given on behalf of plaintiff, and seven are objected to as erroneous. The most that can be said against these instructions, or either of them, is, that they were inaccurate, and might, possibly, have misled the jury to the prejudice of the defendant. Some of the criticisms made upon them are just, while others are, in our opinion, exceedingly technical. It was not reversible error to instruct the jury in regard to the doctrine of comparative

negligence, and especially so since it was so explained as to amount to no more than laying down the rule that in order to entitle the plaintiff to recover he must prove that he exercised due care to avoid the injury. On behalf of the defendant the court instructed the jury, most explicitly, that the plaintiff could only recover by proving, by a preponderance of the evidence, that the defendant was guilty of the negligence charged in his declaration or some count thereof, and that he (the plaintiff) was at the time in the exercise of due care. We cannot believe, from an examination of all the instructions given, that the jury were misled by them. No good purpose would be served by passing upon them separately.

It is also insisted that the circuit court erred in refusing certain of the instructions asked by the defendant. The jury were so fully and fairly instructed on its behalf, and all its rights so fully guarded by those given, that no just complaint can be made as to those refused.

We see no reversible error in the record, and therefore the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*