## Gray Brothers v. Joseph Knittle, Doing Business as Excelsior Show Case and Cabinet Works.

1. VERDICTS—*Upon Conflicting Evidence, Conclusive.*—The court will not disturb the verdict of a jury in a conflicting state of the evidence in the absence of errors of law affecting the result unfavorably to an appellant.

2. INSTRUCTIONS—*Erroneous, Not Always Reversible Error.*—When it is apparent from the verdict that an erroneous instruction has not influenced the jury, the giving of it is not reversible error.

3. BUILDING CONTRACT—*Acceptance of Work—Latent Defects.*—Where a building, completed under a contract and in apparent compliance with the terms of the contract is accepted by the owner, and afterward defects appear which did not appear at the time of the acceptance, the owner is not barred of his remedy and claim for damages by reason of his acceptance of the building.

**Memorandum.**—Assumpsit. In the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding. Declaration on contract, etc.; plea, general issue, set-off and payment; trial by jury; verdict for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

APPELLANTS' BRIEF, THOMPSON & SHUMWAY, ATTORNEYS.

Where a party, under contract to sell and deliver, neglects to deliver at the time named, and the party accepts sale, he

is entitled to set-off damages resulting from failure to comply with the contract. Havana, Rantoul & E. R. R. v. Walsh, 85 Ill. 58; Haven v. Wakefield, 39 Ill. 509; Priestly v. N. I. & C. R. R., 26 Ill. 205; Mears v. Nichols, 41 Ill. 207; Tobey v. Price, 75 Ill. 645; Ramsey v. Tully, 12 Brad. 463; Chitty on Contracts, 652 (11th Ed.); 2 Benjamin on Sales, Sec. 1356 (4th Am. Ed.).

Prince & Welsh, attorneys for appellee.

Mr. Justice Cartwright delivered the opinion of the Court.

Appellee, doing business as the Excelsior Show Case and Cabinet Works, on August 22, 1892, by written contract agreed to build and set up in the store building of appellants, in Galesburg, which they intended to occupy as a shoe store, shelving and office fixtures specified in the contract to be used in that business. The shelving and counter fixtures were to fill the two sides of the store from floor to ceiling, one side being 45 feet long and the other 57 feet, and were to be made in sections from 9 to $9\frac{1}{4}$ feet long. The lower part was to be 30 inches high and about $32\frac{1}{2}$ inches wide, and above this was to be shelving about $14\frac{1}{4}$ inches deep, with two vertical supports in each section about 35 inches apart. The shelving was to be divided into boxes about 4x5 inches, with drawer fronts, each intended for one pair of shoes, there being about 7,000 of these boxes in all. The whole was to be made of quartered oak, and to be in position on or about September 20, 1892. The contract price was $1,350.

The work of putting the shelving and fixtures in the store room was begun October 24, 1892, and was not completed until November 18th following. Appellee furnished extras to the amount of $149.30, making a total of contract price and extras of $1,499.30, of which appellants paid all but $370, and appellee brought this suit for that balance. On the trial appellants claimed damages on account of the delay in completing the work and on account of the shelv-

ing sagging, which, it was alleged, was due to imperfect workmanship. The jury deducted from appellee's claim $100 and returned a verdict for $270. On a motion for a new trial the court required a further deduction by remittitur of $16.25 and entered judgment for $253.75 and costs.

The judgment is objected to as being against the evidence on the question of damages claimed by appellants, and on the ground that the court erred in instructing the jury on that subject. Appellants were in the shoe business in another store which they were to vacate January 1, 1893, and had an option to buy a lease of the store where the shelving was put for $1,500, to commence September 1, 1892 or $1,000 to commence December 20, 1892. The rental was $55 per month, and they paid the $1,500 for the lease and took possession September 1st. They paid the rent at $55 per month and their claim is that by appellee's delay from September 20th, when the work was to be done, until November 18th, when it was completed, they lost not only the amount of rent paid for one month and twenty-eight days at $55 per month, but also a proportionate share of the additional $500 paid to get possession September 1st, rather than December 20th. Appellee contends that appellants were not prepared to occupy the building for business for the reason that an addition was being built at the rear and a plate glass front being put in, and that the furnace was not in, and therefore they suffered no damage. There was evidence for appellants that none of these things would have interfered with business if the shelving and fixtures had been in.

The evidence as to damages claimed to have been suffered on account of imperfect work was that the shelving was level and appeared to be all right when finished; that the boxes were filled with shoes, and that in from 30 to 60 days after the work was completed there was a perceptible sagging in the centers of most of the sections. The sag varied $\frac{1}{8}$ to $\frac{3}{8}$ of an inch, and while it did not materially impair the usefulness of the boxes and shelving, it injured their appearance. The evidence for appellants was that the feet

of the supports between the ends of the sections were cut off by the workmen who put them up, and the sections were left without supports except at the ends, and it is claimed that this caused the settling in the centers. Witnesses for appellee denied that the feet of the supports were cut off, and the evidence on that side was that the building was about twenty-five years old and the floor very uneven; that the supports were fitted to the floor by compass and were planed off or blocked up as was found necessary to fit the irregular surface of the floor. It is claimed for appellee that the sagging was not due to any fault on his part, but to the condition of the floor and the great weight of the stock and fixtures, amounting to 18,800 pounds on one side and from 15,000 to 16,000 pounds on the other. There was a base-board which prevented an examination at the time of the trial, so that there was no conclusive evidence which witnesses were correct as to fitting the intermediate supports to the floor, at least as to the claim that they were or were not blocked up.

The jury allowed $100 as damages under one or the other of the claims of appellants. It could not have been for the sagging, because the evidence for appellee was that it would cost $116.25 to level up the fixtures, while appellants contended that it would cost much more. It is probable that the jury intended to allow the rent of the premises during the delay from on or about September 20th, when the work should have been completed, and by allowing some latitude under that provision the verdict could be accounted for. It is plain that the court, on the motion for a new trial, held appellants entitled to damage for imperfect work but not for delay, as a remittitur of $16.25 was required, making the damages $116.25, the amount requisite to level up the work. Whatever the allowance made by the jury may have been for, we are not disposed to disturb their conclusion in the conflicting state of the evidence, and in the absence of errors of law affecting the result unfavorably to appellants.

The court instructed the jury at the instance of appellee

that if appellants accepted the work as in accordance with the contract and found no fault with the same, then in that case their verdict should be for appellee for such an amount as under the proof they should find due him, and modified an instruction asked by appellants so as to harmonize with the one so given for appellee. The sagging did not appear when the work was accepted or for some time after, and appellants were not barred of their claim for damages from that cause or on account of the delay by reason of anything they did. The instruction should not have been given, but the jury paid no attention to it, for they allowed damages, and the court did not follow it, but required a remittitur to satisfy additional damage not compensated by the jury.

The errors in instructing the jury did not, therefore, influence the result, and the judgment will be affirmed.