## Best Brewing Company, of Chicago, v. Patrick Dunlevy.

1. VERDICTS—*Conclusive—Evidence Not Satisfactory.*—Where evidence, although not altogether satisfactory, fairly tends to establish a fact in issue, and sufficiently so to entitle it to go to the jury, the verdict will be conclusive.

2. INSTRUCTIONS—*Harmless Error.*—An instruction may be erroneous, but if it is apparent that the jury have not been misled by it, it is not reversible error.

Memorandum.—Action for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 20, 1894.

BLUM & BLUM, attorneys for appellant.

JOHN F. WATERS, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of one thousand dollars, recovered by appellee against the appellant, by reason

of a personal injury received by being struck in the knee by the pole of a beer wagon drawn by horses.

The appellee was a passenger on a cable car operated on a street in Chicago, and the team was standing unhitched and unattended at one side of the street. As the car approached, the team became frightened, and turning suddenly, the pole of the wagon was protruded into the open car in which appellee was riding and struck him on the knee.

It is contended that the evidence failed to establish that the team belonged to or was used by the appellant, but the evidence, although not altogether satisfactory on that point, fairly tended to establish that fact and sufficiently so to entitle the evidence to go to the jury, and to make the verdict of the jury conclusive in that regard.

It is next contended that error was committed in giving the only instruction on behalf of appellee, and in refusing to give the seventh instruction asked by the appellant. Without taking space to copy either of those instructions, it is sufficient to say that it is apparent that the jury were not misled by the one which related to damages being allowed for "prospective suffering and loss of health," of which it may be said there was but slight evidence in support of, nor was the appellant injured by the refusal of the other.

The jury were correctly instructed in behalf of both parties that the damages, if any, that the appellee was entitled to recover, were such as would be compensatory for the injuries received by him, and it appears from the evidence that nothing more than compensation was given.

The evidence is uncontradicted that the appellee did not work for ten months after the injury, and was in bed most of the time for four months, and that his customary wages before the injury were from $3.50 to $4 per day. It seems, therefore, very clear that the refusal to give the appellant's instruction that "punitive or vindictive damages can not be awarded" in cases of this character, did the appellant no harm.

If the jury found anything for the appellee, then under the evidence a finding of one thousand dollars only, quite

fairly rebuts an indulgence in the opinion that they awarded any part of that sum as vindictive damages.

Upon the whole record, therefore, the judgment must be affirmed.