THE PIONEER FIREPROOF CONSTRUCTION COMPANY

*v.*

WILLIAM SUNDERLAND.

*Opinion filed December 20, 1900.*

1. NEGLIGENCE—*when not reversible error to instruct as to doctrine of comparative negligence.* It is not reversible error for the court, in an action for negligence, to incorporate in the defendant's instructions the doctrine of comparative negligence, where no instructions were given for the plaintiff, and the defendant's instructions, taken as a whole, plainly require plaintiff to establish that he was exercising ordinary care for his safety at the time of the injury.

2. EVIDENCE—*testimony as to disposition of horse—witnesses.* In an action for injuries received through the defendant's negligence in frightening plaintiff's horse, testimony as to the disposition of the horse may be given by witnesses whose knowledge of its disposition covered a period of time prior and up to the time of the accident, some of whom had driven the horse, one of them being its former owner, while others had seen it frequently.

*Pioneer Fireproof Const. Co.* v. *Sunderland,* 87 Ill. App. 213, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. H. M. TRIMBLE, Judge, presiding.

SAMUEL RICHOLSON, (F. J. CANTY, of counsel,) for appellant:

Where the evidence is conflicting and where there may be doubt, each party has an indubitable right to have the jury clearly and accurately instructed as to the law of the case. Not only his instructions should be proper, but those of the opposite party should be free from error. *Railroad Co.* v. *Maffit,* 67 Ill. 431; *Railroad Co.* v. *Clark,* 70 id. 276.

When the evidence is conflicting and it seems to be doubtful which way it inclines, this court will reverse unless the jury are accurately instructed. *Railway Co.* v. *Henks,* 91 Ill. 411.

The question of the relative degree of care observed by the parties, respectively, is held to be one of fact for the jury to determine under proper instructions from the court; and that being so, the jury should be so accurately instructed as to leave no doubt as to whether they were misled, by the instructions, as to the law upon the facts before them. *Steel Co.* v. *Schymanowski,* 162 Ill. 447.

Two elements alleged in the declaration, and necessary to be established by plaintiff before he could recover, were negligence of the defendant as charged, and that the plaintiff was in the exercise of due care and caution for his own safety. *Railway Co.* v. *Meixner,* 160 Ill. 322.

Negligence is but the want of ordinary care, and if the declaration charges the misconduct of the defendant to have been committed without force and that the injury is consequential, and does not charge it was wanton or willful, the defendant's duty was no greater than that required of the plaintiff, namely, to exercise ordinary care,

and it must appear that the party injured exercised ordinary care. *Railroad Co.* v. *Johnson,* 103 Ill. 512.

Butters & Carr, (Lincoln & Stead, of counsel,) for appellee:

When all the questions of fact are settled by the judgment of the Appellate Court this court will not review the evidence. *Springfield* v. *Coe,* 166 Ill. 22; *Railroad Co.* v. *Yorty,* 158 id. 321.

The finding of the Appellate Court that the conduct of the motorman was either "grossly negligent or wanton and willful" is a finding of fact and is conclusive, and, even though appellee was guilty of a want of ordinary care, the judgment should be affirmed. *Linseed Oil Co.* v. *McBlaine,* 164 Ill. 599; *Railway Co.* v. *Wangelin,* 152 id. 140; *Morris* v. *Wibaux,* 159 id. 627; *Railroad Co.* v. *Meech,* 163 id. 308; *Lamson* v. *Bank,* 166 id. 162.

It is not error to instruct the jury in regard to the doctrine of comparative negligence, when, in so laying down the rule, the jury are required to find that the plaintiff exercised ordinary care before he was entitled to recover. *Railway Co.* v. *Matthews,* 153 Ill. 268; *Railway Co.* v. *Baddeley,* 150 id. 328; *Willard* v. *Swansen,* 126 id. 381; *Coal Co.* v. *Holmquist,* 152 id. 581.

A person has a lawful right to drive his carriage in the tracks of a street car company, using ordinary care. The law surrounds him with its protection against such a negligent operation by the company of its tracks as inevitably leads to his injury. *Railroad Co.* v. *Zeiger,* 78 Ill. App. 465; *Railroad Co.* v. *Levy,* 82 id. 203; *Railway Co.* v. *Christenson,* 70 id. 85; *Railway Co.* v. *Lade,* 56 id. 454.

Mr. Justice Hand delivered the opinion of the court:

This is an action brought by appellee, against appellant, to recover damages for an alleged personal injury. Appellee recovered a judgment against appellant in the

circuit court for $2000, which has been affirmed by the Appellate Court for the Second District, and this appeal has been prosecuted to this court to reverse such judgment of affirmance.

The appellant owns a factory in the city of Ottawa for the manufacture of fire-proof materials, and uses therein clay obtained at pits located upon the opposite side of Fox river, which is transferred to the factory in cars upon a tram-way owned by it, which are propelled by a motor operated by electricity. The tram-way crosses the river upon a bridge 18 feet wide and 237 feet long, upon Main street, within the city. On the 25th day of May, 1896, a train belonging to appellant, consisting of a motor car and two cars attached thereto, loaded with clay, was going west. At the same time appellee, in company with a neighbor named Clayton, was going east, driving a horse hitched to a top buggy. As he drove upon the west end of the bridge said train came upon the east end thereof. The horse showing signs of fright, appellee stopped him, gave the lines to Clayton, got out of the buggy and went to his head and attempted to control him. The train, as it approached, made a hissing, rumbling noise, which greatly excited and frightened the horse. The horse was in plain view of the motorman, and appellee claims he waved his hand and called to the motorman to stop the train; that the train did not stop, but as it passed him more electricity was turned on and the noise increased; that the horse became unmanageable and ran away; appellee was thrown down and severely injured, his collar-bone, leg and elbow-joint being broken.

The declaration contains several counts, some of which charge negligence, and others wanton and willful misconduct on the part of the agents of appellant in charge of the train.

The appellant complains that the court improperly modified its instructions before giving the same to the jury, by incorporating therein the doctrine of compara-

tive negligence.   No instructions were given on behalf of appellee, but the eleven instructions given on behalf of the appellant, when taken as a whole, plainly told the jury that before the appellee was entitled to recover he must establish by the evidence that he was in the exercise of ordinary care for his own safety and protection at the time of the injury, and that if he was injured by reason of his own negligence he could not recover.   We are of the opinion that the instructions, when considered as a whole, were not misleading, that the jury were fairly instructed as to the law of the case, and that the error complained of does not constitute reversible error.

In the case of *Chicago and Alton Railroad Co.* v. *Matthews*, 153 Ill. 268, in passing upon a series of instructions very similar to those given in this case, on page 269 we say: "It was not reversible error to instruct the jury in regard to the doctrine of comparative negligence,—and especially so since it was so explained as to amount to no more than laying down the rule that in order to entitle the plaintiff to recover he must prove that he exercised due care to avoid the injury." And in the case of *Wenona Coal Co.* v. *Holmquist*, 152 Ill. 581, on page 592 it is said: "Plaintiff's first instruction, although unnecessarily announcing the now obsolete doctrine of comparative negligence, is not inconsistent with the five instructions of the defendant, which require the exercise of ordinary care as a condition to the right of recovery, and when it is read in connection with such instructions it could not have misled the jury.   This view is sustained by the following decisions of this court:   *Willard* v. *Swansen*, 126 Ill. 381; *Chicago, Burlington and Quincy Railroad Co.* v. *Warner*, 123 id. 38; *Village of Mansfield* v. *Moore*, 124 id. 133; *Calumet Iron and Steel Co.* v. *Martin*, 115 id. 358; *Chicago, Burlington and Quincy Railroad Co.* v. *Johnson*, 103 id. 512; *Chicago and Alton Railroad Co.* v. *Johnson*, 116 id. 206."

It is further assigned as error that the court instructed the jury orally in respect to visiting the scene of the

accident or examining the location. It appears from the abstract:

"The hour for adjournment having arrived, the court instructed the jury orally, as follows:

"The court: 'Observing the other suggestions made to you, I will say, also, that it would be improper for you to examine this location except by agreement of counsel, and then in charge of an officer; so that you will keep away from the location where this accident occurred, unless it be agreed by counsel that you go in a body to see it.'"

In our opinion what was said by the court to the jury on that occasion was not an instruction by the court as to the law of the case; that it amounted only to a direction to the jury as to the manner in which they should conduct themselves during the time of adjournment and while out of the presence of the court, and was not improper. *Illinois Central Railroad Co.* v. *Wheeler*, 149 Ill. 525.

The court admitted certain testimony offered by appellee, concerning the disposition of the horse, which was objected to by appellant on the ground that the witnesses were persons without experience in handling horses and incompetent to testify upon that subject. Two of them were women who had driven the horse a number of times, and the others were men who had either driven it or seen it frequently, one of them being a former owner. The knowledge of these witnesses as to the disposition of the horse covered a period of time prior and up to the time of the accident, and this evidence was clearly competent and proper, the weight or value thereof being left for the consideration of the jury.

Finding no reversible error in this record, the judgment of the Appellate Court for the Second District will be affirmed.                    *Judgment affirmed.*