## Chicago, B. & Q. Ry. Co. v. Warren Presbrey.

1. REAL ESTATE—*Damages to, by Railroads—Questions of Fact.*—The question as to whether real property has been damaged by the construction and operation of a switch track by a railroad company, and if damaged, to what extent, are questions of fact for the determination of a jury.

2. VERDICTS—*On Conflicting Evidence.*—Courts of review uniformly hold in cases where there is an irreconcilable conflict of evidence, that unless the verdict is manifestly against the weight of the evidence the judgment based upon it will not be set aside.

3. TESTIMONY—*To be Weighed, not Counted.*—In the determination of questions at issue, the testimony submitted is to be weighed, not counted.

Trespass on the Case.—Damages by the construction of a switch. Appeal from the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed November 15, 1901.

A. A. WOLFERSPERGER and SWEENEY & WALKER, attorneys for appellant.

J. L. McPHERRAN, attorney for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This was an action on the case by appellee against appellant to recover damages to real estate.

Appellee owned and occupied a residence in the city of Rock Falls. Appellant constructed and operated a switch track on Park street in said city along the east side of appellee's premises and in such close proximity thereto and in such a manner as to impair, if not destroy, the access to the premises from said street.

The trial resulted in a verdict and judgment in favor of appellee for $550. It is not contended that there was any error in giving, refusing or modifying instructions, or that the jury was not fully and fairly instructed as to the law, nor is it claimed that the court erred in admitting or rejecting testimony.

The only error relied upon in argument to reverse the judgment is that the evidence does not sustain the verdict.

Each party called and examined eight witnesses upon

the question of damages. Those produced by the appellee estimated the damages at various amounts, from $750 to $1,500, while those called by appellant testified that in their opinion the property had sustained no damage whatever.

Whether the property was damaged, and if damaged, to what extent, were questions of fact for the jury to determine from the evidence, guided by proper instructions as to the law.

The jury and trial judge saw witnesses and had superior advantages for judging of their credibility and the weight to be given to their testimony. It can not be held as a proposition of law that simply because an equal number of witnesses testify in opposition to each other upon a given question of fact that therefore the evidence is evenly balanced. Testimony is to be weighed, not counted. The intelligence and integrity of the witnesses, their means of information, as well as many other things, are to be considered in determining upon which side is the preponderance or greater weight of the evidence.

This verdict received the approval of the trial judge.

Courts of review have uniformly held, in cases in which there was an irreconcilable conflict in the evidence, that unless the verdict was manifestly against the weight of the evidence the judgment should not be set aside.

We can not say that the verdict is against the weight of the evidence.

The judgment of the Circuit Court will be affirmed.