## H. F. Demmer, for use, etc., v. American Insurance Company et al.

1. VERDICTS—*Upon Conflicting Evidence—When They Should Not be Disturbed.*—Where the evidence is conflicting, unless the court can say the verdict is manifestly contrary to it, the verdict should not be disturbed.

2. APPELLATE COURT PRACTICE—*Questions Not Raised in the Trial Court Can Not be Urged in This Court.*—Questions which have not been raised in the trial court can not be urged in the Appellate Court.

3. INSTRUCTIONS—*Where Imperfect Instruction Will Not be Ground for Reversal.*—Instructions, though not perfectly accurate, and subject to criticism, will not be ground for reversal, if it appears on the whole that the jury was not misled by them.

Debt, on a replevin bond. Appeal from the Circuit Court of DuPage County; the Hon. CHARLES A. BISHOP, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed October 8, 1903.

ROBERT S. EGAN and RUSSELL & HAZLEHURST, attorneys for appellants.

BOTSFORD, WAYNE & BOTSFORD, attorneys for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

Abe Adler was, in 1899, and had been for some time prior thereto, conducting a gent's furnishing goods and merchant tailoring business in Elgin. He had his stock insured for $6,000. This was divided between three companies: appellant, the American Insurance Co. of Newark, New Jersey, the Insurance Company of North America and the North British Mercantile Insurance Company, each writing $2,000.

On the first day of August, 1899, a fire destroyed a portion and damaged the remainder of the stock. Soon afterward Adler, with the assistance of a man who testified he had had large experience in matters of that kind, made an inventory of the stock, and estimates of its value before the fire and the damage thereto by the fire. This appraisement showed the stock to have been worth before the fire $6,185.62 and the loss and damage $4,396.56. No appraisement had been made by the insurance companies and the loss not having been adjusted, September 9th, Adler made and forwarded to appellant proofs of loss in which he gave the value of the stock and the loss at the above named amounts. For some reason no settlement was made on the basis of these proofs and on September 26th an agreement in writing was entered into between the three insurance companies and Adler according to certain provisions of the policies, to submit to appraisers the question of determining the amount of the loss. October 6th, the appraisers so selected reported the result of their investigations in writing, fixing the value of the stock before the fire at $6,500 and the loss at $4,500, and within a few days the Insurance Co. of North America and the North British Mercantile Co. paid their share of the loss, $1,500 each. About a month later and before the American Insurance Co. had paid its share of the loss, as we understand the

testimony—at any rate, about the time it paid it, a Mr.
Hatfield, who was the company's agent and adjuster, called
at Adler's store where he had the damaged stock, which
Hatfield called salvage, and claimed his company had the
right under their policy, after paying the loss to take the
salvage. The substance of the provision of the policy
referred to is, that it shall be optional with the company
to take all or any part of the salvage at its ascertained or
appraised value. It is not and could not be successfully
contended, that this provision of the policy of itself oper-
ated to vest title in the American Insurance Co. While it
gave the company the right to claim the property, if the
insured refused to give it up, the title remained in the
insured and the company could not maintain an action of
replevin, but would be left to its action for breach of con-
tract. Hatfield at first proposed to take all the stock but
the hats and caps, to which Adler objected, and finally
Hatfield proposed to take it all at $1,218.82. At this time
no agreement was reached, Adler claiming the damaged
stock was worth $2,000, as shown by the report of the
appraisers. It is claimed by appellant that subsequently
Adler agreed to accept that amount, but after so agreeing
refused to give up the goods. Hatfield on behalf of his
company, after paying its share of the loss, tendered
Adler's attorney the $1,218.82, and upon his refusing to
accept it, deposited the money in a bank subject to Adler's
order and brought a replevin suit for the goods and took
possession of them by virtue of the writ in that case.
Appellant claimed the stock was $248.27 short of what it
should have been and withdrew that amount from the
sum deposited in the bank subject to Adler's order, thus
reducing the tender to $970.55.

A trial of the replevin suit was entered upon, but before
it was concluded the plaintiff, the American Insurance Co.,
dismissed the suit and a judgment was entered awarding
Adler a return of the property. Upon the insurance com-
pany failing to return it, this action was brought on the
replevin bond.

Defendant pleaded that no trial was had on the merits of the replevin suit, property in the American Insurance Co., and a denial, not under oath, of the instrument sued on. On these pleas issues were joined and a trial had, resulting in a verdict for plaintiff for $2,286.97 damages.   Plaintiff remitted $150, and the court, after overruling a motion for new trial, rendered judgment on the verdict for plaintiff for $2,438, debt to be discharged upon the payment of $2,136.97 damages.

After plaintiff had begun this suit, and before it was tried, the American Insurance Co. filed a bill in chancery to correct the award of the appraisers on account of an alleged mistake, and secured an injunction restraining the prosecution of this suit till the chancery case was heard.   Upon the hearing of the chancery suit a decree was entered finding the appraisers had made a mistake, reforming the award made by them and finding that the value of the stock before the fire was $5,718.82, and the loss and damage $3,718.82.   The mistake resulted from the failure of the appraisers to give effect to an agreement between Adler and the insurance companies as to what the award should be on goods that could not be identified.   It thus appears that Adler had been paid by the three insurance companies $781.18 more than the damages sustained.

It does not appear from the evidence that the American Insurance Co. ever caused an inventory to be made of the value of the salvage, and just upon what basis it arrived at $1,218.82 as its value does not appear from the testimony. A rather remarkable coincidence is, that this is the exact amount remaining after deducting $781.18, the amount overpaid Adler by the three insurance companies from $2,000, the amount he claimed the salvage was worth, and which appears to have been the value placed upon it by the appraisers.   But as only one-third of the $781.18 was paid by the American Insurance Co., it would clearly not have the right to appropriate and treat the whole sum as part payment on the salvage, and counsel do not claim this right, or that the American Insurance Co. intended to

do so, but insist that the proof shows the sum of $1,218.82 was agreed upon between Adler and Hatfield, and that Adler agreed to accept that sum and turn over the goods. Upon the assumption that the proof sustains this position it is contended that when the American Insurance Co. offered to pay the agreed price, the title passed to it. Much stress is laid on the fact that Hatfield and Mr. Healy, who was then acting as Adler's attorney, substantially testified to an agreement between the parties that the American Insurance Co. should have the goods for $1,218.82, and that Adler was the only witness who testified to the contrary. This was a question of fact to be determined by the jury, and there were circumstances connected with the transaction and the conduct of the parties with relation thereto, shown by the testimony, proper to be considered and weighed by the jury in determining this question, and we are not able to say that these things, taken in connection with the unsatisfactory nature of the testimony and conduct of the company's agent, did not warrant the jury in finding that the alleged agreement and sale were not proven by the weight of the evidence. Where the evidence is conflicting, unless the court can say the verdict is manifestly contrary to it, the verdict should not be disturbed. Bishop v. Busse, 69 Ill. 403; T. W. & W. Ry. Co. v. Moore, 77 Ill. 217; Wiggins Ferry Co. v. Higgins, 72 Ill. 517; City of Rock Island v. Deis, 38 Ill. App. 409.

It is clear from the verdict that the jury found there was no agreement between the parties that the insurance company should take the damaged stock for $1,218.82. The trial court, who heard the evidence and saw the witnesses, approved that finding, and we are not disposed to disturb it. It would then necessarily follow that the plaintiff would be entitled to recover on the replevin bond the value of the goods taken, with interest thereon from the date of their seizure, at five per cent, and reasonable attorney's fees in the replevin suit, and defendant's costs in that suit. But it is contended that even if this be true, the verdict was excessive. This was not given in the motion

for a new trial as one of the grounds upon which a new trial was asked, and the question not having been raised in the trial court, can not be urged here.    Jones v. Jones, 71 Ill. 562; O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104; P. D. & E. R. R. Co. v. Booth, 11 Ill. App. 358; Miller v. Ridgely, 19 Ill. App. 306.    Counsel say this was embraced in the motion for a new trial under the proposition that the verdict is contrary to and against the weight of the evidence.    We do not so understand it, but even if this were correct, a careful reading of the testimony satisfies us that it was not excessive under the evidence.

Complaint is made of each of the five instructions given for plaintiff on the trial and it is insisted that they were misleading and erroneous, in that they were in effect peremptory to find for plaintiff, did not require the issues to be found or damages assessed from the evidence, singled out particular facts and authorized the jury to assess damages and allow interest thereon, whether the proof showed the property belonged to Adler or the insurance company. We have carefully read the instructions, and while they are to some extent imperfectly and inartisticly drawn, they each correctly stated a proposition of law, and as applied to the testimony in the case and the theory upon which the suit was defended, we do not see how the jury could have been misled by them, and that they were not, is apparent from the verdict.

The first and second instructions were to the effect that the American Insurance Co. had not the right to apply the amount overpaid Adler by the three companies in reduction of the amount which the American Insurance Co. should pay Adler for the salvage.

The third instruction authorizes the jury if they find for plaintiff, in assessing his damages, to allow him such reasonable attorney's fees as he paid or became liable for in defending the replevin suit.    It is contended this instruction authorized the jury, even if they found title to the property in the American Insurance Co., to allow plaintiff attorney's fees for defending against the valid

title of the American Insurance Co. in the replevin suit. While the instruction is not wholly free from such criticism, it is apparent, as before stated, that the jury did not find title in the American Insurance Co. and the instruction could therefore do no harm. These remarks are equally applicable to the fourth instruction, which was, that if the jury found the issues for the plaintiff, then he was entitled to five per cent interest on the value of the goods, as shown by the evidence, from November 11, 1899, the date the American Insurance Co. seized the property.

The fifth instruction was to the effect that the decree in the chancery suit reforming the award, which was received in evidence without objection, did not affect the value of the damaged goods taken in replevin by the American Insurance Co. Counsel practically concede the correctness of the instruction, but say it in no way applied to the issues in the case and that the decree referred to in it was erroneously admitted in evidence. No objection to the admission of the decree having been made on the trial, the point can not be insisted on here. In our opinion, there is no reversible error in any of the instructions given for plaintiff.

While it is true, if the jury found the goods were the property of the American Insurance Co., only nominal damages could be allowed, without interest, yet it is apparent from the verdict, the jury found the property was Adler's, and whatever of imperfections may have been in plaintiff's instructions did not mislead the jury nor prejudice appellants. The court gave, on motion of appellant, six instructions liberally covering the law upon every controverted question in such plain and explicit language as to preclude any misunderstanding in the minds of the jury as to what it was their duty to determine and how and from what they should determine it. Instructions, though not perfectly accurate, and subject to criticism, will not be ground of reversal, if it appears on the whole, that the jury was not misled by them. C. & A. R. R. Co. v. Matthews, 153 Ill. 268; Chicago Trust Co. v. Goldsmith, 173 Ill. 326;

C. & A. R. R. Co. v. Anderson, 166 Ill. 572; Gray v. Knittle, 56 Ill. App. 302; Best Brew. Co. v. Duplevy, 57 Ill. App. 96.

It is further contended that the court erred in refusing an instruction offered by defendant and in permitting counsel for plaintiff on the trial to read a form of verdict and indicate to the jury what it should be.

Neither of these propositions was assigned as a ground for new trial and are not therefore before us for consideration. Nevertheless we have examined the objection to the alleged conduct of plaintiff's counsel in reading a form of verdict to the jury, and the record does not show that plaintiff's counsel read anything. All it shows is that defendant's counsel said he objected to plaintiff's counsel reading a form of verdict and indicating what it should be, that the court overruled the objection and defendant excepted. For all that appears in this record, the statement that plaintiff's counsel read a form of verdict to the jury may be incorrect. If it were true that this were done it should be made to appear otherwise than by the mere statement of counsel that it was so.

Finding no reversible error the judgment is affirmed.