## Slayden-Kirksey Woolen Mills v. C. E. Spring.

1. CONTRACT—*when, deemed several.* Where there is a purchase at the same time of different articles, at different prices, the contract is several as to each article unless the accepting of the whole is rendered essential either by the peculiar nature of the subject-matter or by the

terms of the contract, and if any of such articles do not correspond with the sample by which it or they was or were sold, such article or articles not so corresponding to sample may be returned and the remainder retained.

2. Preponderance of evidence—*how, determined.* Evidence should be measured by " weight and not (alone) by count."

Action of assumpsit. Appeal from the Circuit Court of Jackson County; the Hon. Warren W. Duncan, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

Otis F. Glenn, for appellant.

William A. Schwartz and Hosea V. Ferrell, for appellee.

Mr. Presiding Justice Creighton delivered the opinion of the court.

This was an action of assumpsit, in the Circuit Court of Jackson County, by appellant against appellee, to recover for goods alleged to have been sold and delivered by appellant to appellee. Trial by jury. Verdict and judgment in favor of appellee.

On January 4, 1901, appellant's travelling salesman called at appellee's store and displayed a sample line of pants. Appellee gave his order for twelve dozen pair as follows:

"1 doz. 4,412 Glewed Bottoms..............$13 50
1 doz. 4,052 Glewed Bottoms.............. 12 00
1 doz. 4,051 Glewed Bottoms.............. 12 00
1 doz. 5,067 Mamas has to put R. in B.... 18 00
1 doz. 5,066 Top Pockets C.............. 18 00
1 doz. 5,479 Top Pockets C.............. 21 00
1 doz. 5,477 Side Pockets C.............. 21 00
1 doz. 5,696 Side P. 17 Bottom........... 24 00
1 doz. 5,864 Side P. 16 in. C............. 27 00
1 doz. 5,858 Top 17 in. C................ 27 00
1 doz. 5,861 Side in 16 in. Bottom........ 27 00
1 doz. 4,051 Youth...................... 10 50"

In due time appellant shipped to appellee twelve dozen pairs of pants, which were received at appellee's place of business, opened and inspected, and appellee decided that only one dozen corresponded with the samples by which

the sale was made, viz: lot 4,412.   Appellee kept this lot and immediately returned all the others to appellant.

The order which we have quoted above, discloses that the contract in question .is a several contract.   In Rothschild Bros. v. Wise, 81 Ill. App. 95, we discussed this subject at some length and there in effect held, that where there is a purchase at the same time of different articles, at different prices, the contract is several as to each article, unless the accepting of the whole is rendered essential, either by the peculiar nature of the subject-matter or by the terms of the contract.   Under the evidence in this case, the fact that appellee kept one lot of the goods, does not militate against his right to return the others.   It was his privilege to keep such of the lots as corresponded with the sample by which they were sold, and to return such of them as did not.   While the evidence is conflicting as to whether the goods returned by appellee did in fact correspond to the sample, there is no lack of evidence to support appellee's contention.   Where the evidence is conflicting it is for the jury to resolve the issues, and in this connection it must be borne in mind that evidence should be measured by " weight and not (alone) by count," as happily expressed by Mr. Justice Brown in C., B. & Q. Ry. Co. v. Presbrey, 98 Ill. App. 303.

We find no error in this record.   The judgment of the Circuit Court is affirmed.

*Affirmed.*