## Celestia G. McKinnie et al., Executors, v. Maurice T. Lane.

### Gen. No. 13,154.

1. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless the court is convinced from the proof that it is so contrary to the weight of the evidence that the jury must have been swayed by passion and prejudice, and this is especially true where two juries have reached the same conclusion.

2. ASSUMPSIT—*when promise to pay in money becomes substituted for promise to pay in merchandise.* When a promise is made to pay a certain number of dollars in specified articles on a certain day, delivery must be made on the day agreed, otherwise the party promising will be bound to pay the amount stated in money.

3. INSTRUCTIONS—*when cannot be complained of.* A party cannot complain of instructions which contain a vice common to those given at his own instance.

4. INSTRUCTIONS—*must not assume facts in dispute.* It is improper to assume by instructions the existence of facts in dispute.

5. ARGUMENTS OF COUNSEL—*when reference to standing of party not objectionable.* It is within the fair province of argument to

refer to the standing and wealth of a party, where such reference is pertinent to a plausible argument competent in the cause.

Assumpsit.  Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.  Heard in this court at the October term, 1906.  Affirmed.  Opinion filed April 18, 1907.

ABEL L. ALLEN, for appellant.

WHEELER, SILBER & ISAACS, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Since the submission of this cause the appellant died, and his executors were substituted upon the suggestion of his death.  The parties in this opinion will be referred to as the record stood prior to the substitution of McKinnie's executors.

This is an action in *indebitatus assumpsit* supported by the common counts, to which was interposed the general issue.  Subsequent to the filing of the declaration, and on October. 3, 1903, appellee filed the following bill of particulars:

"To two pictures by Dupres & Mueller. . . .          $3500
⸰ By cash . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,700
"    2  pictures Hammerstadt, price agreed.  100          1800
                                                                                    ⸻
Balance  due  . . . . . . . . . . . . . . . . . . . . . . .          $1700

The balance of this amount was to be given in pictures at agreed prices; these pictures were demanded and refused and plaintiff is now suing for the cash.

                                        MAURICE T. LANE,
                            By Wheeler, Silber & Isaacs,
                                                    Attorneys."

There were two jury trials, both of which resulted in verdicts for the amount of the claim.  A new trial was granted on the first verdict, and judgment rendered by the court on the second verdict, from which judgment this appeal is prosecuted.

Numerous errors are assigned upon the record, but we

gather from the argument of appellant that they resolve themselves into but two contentions of controlling importance.- One is that the verdict is against the weight of the evidence, and the other the giving and refusing of certain instructions.

The transaction out of which this action sprung relates to the sale and purchase of two oil paintings, one "May Day" by "Mueller" at the price of $2,500, and the other a landscape by "Dupres" at $1,000.

Lane was a dealer in art, and McKinnie, as is disclosed by the evidence, a connoisseur of art, and in the habit of adding to his home collection of paintings by an occasional purchase. These two oil paintings were to be paid for, according to the testimony of Lane, by the payment of $1,700 in money, the two Hammerstadt pictures at the credited sum of $100, a "Ruby" Flower picture and a "Carl Huebner" painting, both at the agreed price of $1,700. The two latter pictures, upon demand upon McKinnie by Lane for them, were refused.

At the time of the sale Lane gave McKinnie the following receipt:

"Chicago, June 11, 1900.

Dr. P. L. McKinnie,
    Bought of Maurice T. Lane,
        Importer of Paintings,
            45 E. Jackson Street.
To 1 Oil painting by Mueller, "May Day"........ $2500
To 1 Oil Painting by Dupres, Landscape........  1000
                                                ─────
                                                3500
                        Cr.
By Paintings .............................. 1800
                                                ─────
                                                $1700
                        Rec'd payment,
                        MAURICE T. LANE."

It is admitted that the $1,700 money payment was made. Just how $700 was paid does not clearly appear from the

testimony of either party.  One thousand dollars, however, was paid in two checks of $500 each, made by McKinnie to Lane's order.  Both were drawn and delivered on June 11, 1900, but one was post dated five days.  On the June 11, 1900, check appears in the handwriting of McKinnie the words, "in full to date."  These words Lane swears were not on the check when he received it of McKinnie.  Both of them were paid in the usual course of banking through the Chicago Clearing House.  McKinnie swears the words quoted were on the check when he delivered it to Lane.  The parties had another transaction in relation to a loan of money from McKinnie to Lane, made on the security of two paintings, one by "Corot" and the other by "Rico."  On April 6, 1902, the loan was settled by Lane paying $1,000 in money on a return of the "Corot," the "Rico" being retained by McKinnie.  This, McKinnie claims, was an accord and satisfaction between himself and Lane, including an agreement to dismiss the suit which Lane had theretofore commenced to enforce payment of his $1,700 claim.  The record shows that that suit had been dismissed on a general call of the docket on February 20, 1902.  Lane denies that in the settlement of the loan matter any reference was made to either the suit or his claim for $1,700 on the two painting sale of June 11, 1900.  McKinnie accounts for the receipted bill on the claim that the price of the two paintings was "boosted" by Lane at his suggestion, in order to enable McKinnie to procure a higher price in the event he should sell them, and that in fact the price agreed upon was $1,700, and that the two Hammerstadt pictures sent to Lane at Pittsburgh were gifts.

From the foregoing recitation of the contentions developed by the evidence there appears a sharp conflict.  Both parties could not be telling the truth.  The question of veracity was for the jury to settle.  Two juries have reached the same conclusion, and as they saw the witnesses, observed their manner of testifying, their appearance upon the witness stand, they were better able to judge of the frankness and apparent sincerity of the testimony evoked from each, and

whether or not any of it was tinged with the interest of the parties in their desire to prevail in the cause, than we are, for none of these essential aids appear from the record before us. With these verdicts in the record we are not permitted to disturb the judgment unless we are convinced from the proof that the judgment is so apparently contrary to the weight of the evidence that the jury must have been swayed by passion and prejudice in reaching their verdict.

We are unable to discover any ground for so assuming, and it will therefore be our duty to affirm unless some errors of law were committed by the trial judge in course of the hearing, prejudicially affecting the rights of appellant. Demmer v. Am. Ins. Co., 110 Ill. App., 580; C., B. & Q. Ry. v. Presbrey, 98 Ill. App., 303; Linn v. Harris, 118 Ill. App., 5.

So far as the dispute of fact here is concerned, we see no reason for not concurring in the jury's finding.

The sale of the paintings was at the price of $3,500, payment to be made, in cash $1,700, and in pictures $1,800. Pictures to the agreed value of $100 were delivered. The two pictures at the agreed value of $1,700 were not delivered, a demand for them being met by a refusal. The two pictures were not bought by Lane; they were to be received at an agreed value in lieu of cash. The title to the pictures did not pass to Lane when the receipt was given by him to McKinnie. The failure of McKinnie to pay in pictures at the agreed price gave Lane a right of action to recover the balance due him in money. The common counts were sufficient to support that cause of action.

Mechem on Sales, 1239, says: "In none of the cases, however, does the option"—referring to payment in goods—"survive the time for performance, and all authorities agree that if the payor has an option, but does not on or before maturity deliver the goods, his option is lost, and the agreement then becomes an absolute one for the payment of the money, and may be enforced accordingly."

When a promise is made to pay a certain number of dollars in specific articles on a certain day, delivery must

McKinnie v. Lane.

be made on the day agreed, otherwise the party promising will be bound to pay the amount stated in money. Smith v. Dunlap, 12 Ill., 184; Borah v. Curry, 12 Ill., 66; Sleuter v. Wallbaum, 45 Ill., 43.

Bilderback v. Burlingame, 27 Ill., 338, was a case in which a note was given for a specified sum of money, payable in lumber. On refusal to deliver the lumber it was held the note became a money demand absolutely. That payment in lumber was the privilege of the maker of the note, and that on a failure to deliver the lumber, the money could be demanded. That these facts were admissible under the common counts, overruling Lowe v. Bliss, 24 Ill., 169, which held to the contrary.

In view of the finding of the jury, we must assume that they gave credence to Lane's evidence that the words "in full to date" were not upon the check when he received it, and his denial that an accord and satisfaction was reached between the parties April 6, 1907. Aside from the question of veracity the record shows that no suit was pending at the time of the alleged settlement. The bill of particulars fulfilled every purpose requisite to apprise appellant of appellee's claim. It fairly stated the transaction, and we are unable to discover that it is variant from the proof in any material particular. Porter v. Horton, 80 Ill. App., 337.

The instructions are not subject to the objections made to them. The first instruction was a fair presentation to the jury of the questions submitted for their solution, and does not materially vary from the statements appearing in the instructions given at the request of appellant. Appellant's instruction 6 contains words bearing the same import and meaning as those complained about in appellee's instruction 2. These words in instruction 2 are in relation to the faith and credit to be given by the jury to the witnesses, viz.: "From all other surrounding circumstances attending the trial which witnesses are the more worthy of credit, and to give credit accordingly"; and in instruction 6 it is stated thus: "The jury have a right to take into consideration all the facts and circumstances connected with

the case," etc.   We think, on legal principle, one "is just as broad as the other is long," and we are unable to discover any force in the objection.

Instructions 8 and 9 were properly refused.   They both assumed as a fact that the disputed words, "in full to date" were in the check at the time of its delivery.   This was misleading, and if given would have operated to eliminate from the consideration of the jury their determination of the fact of the presence or not of these words in the check when delivered—a material fact for the jury to find.

The alleged improper remarks of appellee's counsel to the jury in his closing address, is a ground assigned in the motion for a new trial.   An exception to the entry of the judgment and the assignment as error here of the entry of the judgment sufficiently presents the point to this court for review.   We have read the remarks insisted by appellant to constitute sufficient grounds for reversal, but see nothing in them to condemn.   The relative wealth or standing of the parties was not in any manner made an issue before the jury, and the reference to the standing and position of appellant was indulged simply for the purpose of showing the faith of appellee in appellant when he signed and delivered the bill receipted, and that appellant being financially good, appellee incurred no risk in so doing.   The argument was plausible and, under the circumstances, not open to objection.

There is no reversible error in this record, and the judgment of the Circuit Court is affirmed.

*Affirmed.*