# Western Valve Company, Plaintiff in Error, v. Michael G. Connell, Defendant in Error.

## Gen. No. 16,370.

SALES—*when contract several as to various articles.* If a number of different articles are sold, and delivered, but a part returned and credit given therefor and payment made upon the balance of the account, the contract is to be regarded as several as to each article and it is immaterial if the articles returned are defective so far as the right to recover for the balance retained is concerned.

Error to the Municipal Court of Chicago; the HON. WM. N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed and remanded. Opinion filed March 30, 1912.

EASTMAN, EASTMAN & WHITE, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

This is an action of the fourth class on an account for goods, wares and merchandise sold by the plaintiff in error, Western Valve Company, to defendant in error and at his special instance and request to the amount of $76.12, to wit:

| | | |
|---|---:|---:|
| Nov. 12, 1907, to Mdse.............. | | $439.31 |
| Oct. 21, 1908, Cr. by Cash...........$100.00 | | |
| Jan. 5, 1909, Cr. by Cash............ | 50.00 | |
| Jan. 19, 1909, Cr. by Mdse.......... | 30.24 | |
| Mar. 11, 1909, Cr. by Mdse.......... | ·10.50 | |
| Apr. 5, 1909, Cr. by Mdse........... | 3.95 | |
| Aug. 17, 1909, Cr. by Mdse.......... | 143.50 | |
| Oct. 12, 1909, Cr. by Cash........... | 25.00 | 363.19 |
| | | $ 76.12 |

Defendant in error filed his counter claim that plaintiff in error did not install the heating apparatus and boiler agreed upon, and that the heating apparatus installed was found to be insufficient and defective. Affidavits of claim were filed with both of said statements.

In a jury trial the court heard the evidence for plaintiff in error and directed the jury to return a verdict for defendant in error, and then rendered judgment accordingly.

The evidence for plaintiff in error is, in substance, that its account was for a hot water heating plant consisting of a boiler tank, heater, radiators, valves and sundry other articles for a water heating plant; that defendant in error took to plaintiff in error his plans for the heating plant and told plaintiff in error he was to furnish the plant for his building; that they together

determined from his plans what he required and that after plaintiff in error got together all of the various articles required, Connell took them to his house to have his plant installed; that plaintiff in error did not install the plant, nor agree to install it, nor tell Connell how to install it; that after it was installed the manager of plaintiff in error at Connell's request went to the plant to see why it did not give satisfaction; that the manager found that the cause was a poor draught, a poor fire resulting from the smoke pipe which should have been ten inches reduced to nine inches, and that the smoke pipe from the laundry heater was connected directly into the galvanized iron pipe upon the boiler and chimney, thereby reducing the amount of area of the smoke pipe; that he told Connell exactly the trouble and what should be done, and that Connell claimed it made no difference; that afterwards Connell returned the boiler, four or five radiators and some valves, and got full credit on his account for them, and that he retained the remainder of the plant without objection and made another cash payment of $25.00 on the account; that cash payments were made, and that articles were returned by Connell, and he was given credits therefor on the dates the cash and articles were received by plaintiff in error, as shown in the foregoing account; that Connell was not told how much heat the plant would make, and was not promised any other articles in exchange for those returned by Connell; and it is further in evidence that Connell repeatedly promised to pay the account.

The evidence showed a *prima facie* right in plaintiff in error to recover the full amount of its balance on account, and there is absolutely no reason appearing for the court's action in directing a verdict for the defendant in error. The claim was for the balance due upon radiators and valves and other articles retained by Connell. Such a contract of purchase may be re-

garded as several as to each article, and in the absence of further evidence it must be so regarded after a part of the articles are returned and full credit received for them, and the remainder are retained and further payments in cash made on the account. Woolen Mills v. Spring, 116 Ill. App. 27.

The articles returned were not included in the items upon which the plaintiff in error's claim was based; and, under the proof offered, it could make no difference whether they were defective and not suitable or satisfactory for the uses for which they were purchased, in determining the right of plaintiff in error to have its case submitted to the jury. It was the privilege of defendant in error, after he had returned part of the articles purchased and had gotten credit for them, to retain and use the other articles about which this evidence shows no complaint. But he could not retain and use them without paying for them the full price thereof, unless some right of recoupment be proved by him. We do not intend to be understood as holding that no defense could be made by the defendant in error by way of recoupment or set-off. There is simply no evidence in the record of a defense of any kind, and for the unwarranted action of the court, in directing a verdict and entering the judgment herein, the judgment is reversed and the cause remanded for trial.

*Reversed and remanded.*