*Northern District*

No. 5657

**WILLIAM E. DUNN**

**v.**

**EDMOND SARNO**

September 19, 1962

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Parker, J.* in the Third District Court of Eastern Middlesex. No. 1929 of 1960.

Argued: ——————    Decided: ——————

*Brooks, P. J.* This is an action of tort with a stated ad damnum of $10,000.

Plaintiff's declaration is in two counts. The first count alleges that on or about the third day of May, 1959, he was the owner of a horse, and while riding said horse and in the exercise of due care, a dog owned by the defendant viciously and without provocation attacked the plaintiff's horse causing injury and damage thereto. He further alleged that he was not teasing or tormenting the defendant's dog. The second count in addition to the above allegations stated that plaintiff received personal injuries. Defendant's answer was general denial and contributory negligence of defendant.

*There was evidence that* while the plaintiff was riding his horse, defendant's dog barked and jumped at the horse, which rose on its hind legs and threw plaintiff to the ground seriously injuring him; and that an order had

been issued prior to the above incident by the proper authority restraining defendant's dog, also that at the time of the incident the dog was running freely and not under leash. There was no evidence of contact between the horse and the dog or plaintiff and the dog.

Plaintiff owns 32 horses and has been engaged in the hobby of buying, selling, breeding and training horses for 20 years. He has bought about 130 horses and sold about 100 horses. He has trained horses but never had any prior experience with a horse that had been attacked by a dog.

Testimony was offered by the plaintiff that after the accident the horse became wild, was no long gentle, objected to being harnessed and was cribbing. Defendant objected to this testimony and it was accepted *de bene*. At the termination of the plaintiff's evidence, defendant moved that the testimony concerning the condition of the horse subsequent to the attack by the dog be stricken. The motion was denied and defendant requested a report.

Defendant presented the following requests for rulings:

1. The evidence does not warrant a finding for the plaintiff under Count I of the Declaration.

2. The evidence does not warrant a finding for the plaintiff under Count II of the of the Declaration.

3. The plaintiff is not entitled to damages for fright, mental distress or emotional distress to his horse where there is no physical contact be-

tween the plaintiff's horse and the defendant's dog.

4. The evidence does not warrant a finding for the plaintiff for fright, emotional or mental distress to his horse.

The Court denied all the above requests, found generally for the plaintiff and filed the following Findings and Rulings:

"The Court finds for the plaintiff on Count 1 in the amount of $2700.00 which by virtue of G. L. c. 140, §159, is trebled so the plaintiff shall recover $8,100.00 dollars on this Count.

"The Court finds for the plaintiff on Count I in the amount of $1,525.00 dollars which by virtue of G. L. c. 140, §159, is trebled so the plaintiff shall recover $4,575.00 dollars on this Count."

The defendant filed four Requests for Rulings upon which the Court acts as follows:

1. Denied.
2. Denied.
3. Denied. The Court finds that the defendant's dog was worrying the plaintiff's horse. (G. L. c. 140, §159)
4. Denied. (See Rulings on Request 3 supra)

Defendant claims to be aggrieved by:

a. The Court's denial of his Requests for Rulings numbered 1, 2, 3 and 4.
b. The Court's denial of defendant's Motion to Strike Plaintiff's testimony concerning the condition of the horse subsequent to the attack by the dog.

c. The Court's finding of treble damages which is outside the scope of the pleadings.

d. The Court's finding in excess of the ad damnum.

Defendant filed a Motion for a New Trial on the following grounds.

1. The finding for the plaintiff is against the weight of the evidence.

2. The finding for the plaintiff is against the law.

3. The damages.

The court denied this motion.

In his brief, defendant sets forth and argues five issues:

1. May someone not trained in veterinary medicine who is an expert in the buying, selling, breeding and training of horses but has never had any experience with a horse that has been attacked by a dog testify as to the causal connection between an attack by a dog and the subsequent habits and conduct of the horse?

2. Is the owner of a horse entitled to damages for fright, mental distress or emotional distress of his horse where there has been no physical contact or injury from without?

3. Was there sufficient evidence adduced at the trial which warranted the Court in finding for the plaintiff on Count I?

4. Is the plaintiff entitled to recover treble damages if he fails to allege that the defendant's dog was ordered to be re-

strained by a duly authorized person?

5. Is the plaintiff entitled to a finding in excess of the ad damnum of his writ?

Issues four and five relate to pleading and can be solved by amendment. The other issues involve judicial discretion, and the interesting question of law, whether the case of *Spade v. Lynn & Boston Railroad,* 168 Mass. 285 controls the case before us. Issues one, two and three we take up first.

■ As to the first issue, whether defendant should have been allowed to testify as an expert, is largely a matter of discretion with the trial judge. Unless that discretion is abused, the court's decision to admit the testimony will not be reversed. (*C. v. Bellino,* 320 Mass. 635, 638).

There was ample evidence that plaintiff's experience with the knowledge of horses qualified him to form an intelligent opinion on the connection between the horse's fright and the subsequent change in its disposition and habits. He need not have had actual experience with a horse frightened by a dog. It is not unreasonable to suppose that his years of contact with horses would enable him to judge the reaction of a horse under the circumstances of this case.

"A witness's training and experience may well qualify him to give an opinion in reference to a problem which he has never before encountered in precisely the same form." *Hardiman v. Brown,* 162 Mass. 585. *Commonwealth v. Bellino,* 320 Mass. 635, 638.

*Lynch v. Moore*, 154 Mass. 335 was a case where the question related to habits of plaintiff's horse which had bitten defendant's horses. A witness testified to the actions of this horse with his own horses but was not permitted to testify to its actions with other horses. This denial was held on appeal to be error, the court saying:

> "The fact that the observation and knowledge of the witness of the habits of the plaintiff's horse in this respect (biting) was confined to its conduct towards other horses belonging to its own firm would seem to go rather to the weight than to the competency of the evidence."

See also *Pioneer, etc. Construction Co. v. Sunderland,* 188 Ill. 341 and 49 A.L.R. 2nd 941.

Issues two and three appear to be similar. However, the questions raised are not indentical. The issue in count one is whether damage to the horse resulting from fright induced by a barking dog is recoverable where there was not contact between the two animals and where the damage consisted of a change in horse's disposition, from a gentle to a wild animal not amenable to being harnessed. In count two the injury was to the rider who was thrown from the frightened horse as previously described.

The damage to the horse is of a different kind from the damage to the rider. One can perhaps be described as mental in its character, the other physical. This, in view of the language in various interpretations of the

*Spade* case, is of some, though not necessarily vital, importance.

The *Spade* case held that fright arising from the actions of an intoxicated fellow passenger in a railroad train where there was no physical injury to the plaintiff was not a basis for recovery. In *Sullivan v. H. P. Hood & Son, Inc.,* 341 Mass. 216 there is a lengthy discussion of this subject. In that case plaintiff became ill on discovery that there was a dead mouse in a bottle of milk from which she had been drinking. The Court differentiated between a situation where the "connection of the physical illness with fright is wholly internal" and the situation where "the fright reasonably induces action which results in external injury", in which case recovery may be had. It might be said that the changed condition of the horse was an internal matter whereas the physical injury to the defendant was wholly external.

In the *Sullivan* case the Court said:

> "This rule (doctrine in the *Spade* case) has been subjected to considerable refinements. In *Homans v. Boston Elevated Ry. Co.,* 180 Mass. 456 where recovery was allowed for a slight injury and an accompanying nervous shock due to the same cause, Chief Justice Holmes said, Page 457, that the Spade Doctrine is an arbitrary exception based upon a notion of what is practical, that prevents a recovery for visible illness resulting from nervous shock alone'."

Chief Justice Holmes goes on to say:

> "The principle of the *Spade* case is con-

fined strictly to cases where the connection of the physical illness with the fright is wholly internal".

The opinion in the *Spade* case itself contains this illuminating paragraph:

"The law of negligence in its special application to cases of accidents has received great development in recent years. The number of actions brought is very great. This should lead courts well to consider the grounds on which claims for compensation properly rest and the necessary limitations of the right to recover. The logical vindication of this rule (in the *Spade* case) is that it is unreasonable to hold persons who are merely negligent bound to anticipate and guard against fright and the consequences of fright; and that *this would open a wide door for unjust claims which could not successfully be met.*"

In the case before us a dog had been ordered restrained. The order was disobeyed. The dog, being free, had acted in such a way as to frighten a horse who in consequence threw its rider. This is a clearly foreseeable consequence as distinct from situations like the *Spade* case.

There is no danger that the result anticipated by the Court in the *Spade* case, namely, opening a wide door for unjust claims because of the difficulty in ascertaining the extent of injury would exist in the situation before us. A horse does not simulate fright or distress

of mind and certainly there is no problem in determining the extent of physical injury to the rider.

In other words, while there is some distinction between the legal soundness of the claim for damage to the horse since the injury is "internal" and the external injuries to the rider, we do not believe the distinction is sufficient to warrant recovery in one case and not the other. We agree with Chief Justice Holmes that the doctrine of the *Spade* case is an arbitrary exception and should be strictly confined.

█ With regard to issues four and five we are of the opinion that it is unnecessary to recite in the declaration lack of restraint of the dog. However, since we consider it necessary for recovery of the full amount of the court's finding on damages that the amount of the *ad damnum* in the writ be increased, we suggest that the plaintiff file motions to amend declaration and writ in both respects. Upon the filing within twenty days of both motions conformable to the above suggestions, the report is to be dismissed.

John F. Davis, of Quincy, for the Plaintiff.
Morrison, Mahoney & Miller for the Defendant.